THE STATE OF OHIO, APPELLEE, *v.*
ROACH, APPELLANT.

(No. 42—Decided October 20, 1982.)

*Mr. James L. Flannery* and *Mr. Michael E. Powell,* for appellee.

*Procario Law Offices Co., L.P.A.,* and *Mr. Craig N. Procario,* for appellant.

JONES, J. On Janurary 6, 1981, the appellant, Everett E. Roach, along with a companion, drove a yellow Maverick into the Hudson's Phillip 66 gas station in Franklin, Ohio. As the automobile passed the front of the gas station, it struck a soft drink machine and then rested at the gas pumps. The appellant exited the automobile, instructed the attendant to put gas into the tank, and requested directions to the men's restroom. As the ap-pellant approached the restroom, he appeared off balance, constantly stumbling and lurching forward. The appellant entered the restroom and closed the door, locking himself inside.

Ronnie Fugate, the gas station attendant, observed the appellant's behavior and believed that the appellant was intoxicated. When the appellant remained in the restroom for approximately twenty-five minutes, Fugate summoned the Franklin police.

When the Franklin police arrived, Officer John Austerman and Sgt. Otis Frank approached the restroom door. Sgt. Frank knocked on the door and the appellant failed to respond. Frank asked the attendant for the key, but the key was unavailable. Instead, the attendant gave Frank a screwdriver and instructed him to "pick" the lock. Frank complied, opened the door, and observed the appellant sitting on the restroom floor. Immediately, the appellant attempted to place a plastic baggie inside his coat. Frank seized the bag and handed it to Officer Austerman who examined it and found it to contain a substance later identified as methaqualone. The appellant was placed under arrest for disorderly conduct and literally carried to the police cruiser and subsequently into the police station where additional tablets of methaqualone were found upon his person.

The appellant was subsequently indicted for drug abuse in violation of R.C. 2925.11(A), specifically, possession of methaqualone. The trial court overruled the appellant's motion to suppress the methaqualone and the appellant pleaded no contest to the indictment. Appellant appealed and made three assignments of error, all alleging that the trial court erred in failing to grant the appellant's motion to suppress. This court overruled the appellant's assignments of error on the basis that the appellant had pleaded guilty to the indictment and, thus, waived all errors other than jurisdictional defects. The appellant filed a motion for

reconsideration with the court on the basis that the appellant had not pleaded guilty, but rather pleaded no contest. Recognizing its error, this court granted the motion and now considers the substance of the appellant's assignments of error. The assignments of error are as follows:

"I. Evidence seized at the service station must be excluded as the fruit of an unlawful intrusion of Defendant's private interests.

"II. Failure of the record to show probable cause for Defendant's misdemeanor arrest renders the arrest illegal.

"III. Evidence seized through a search incident to an unlawful arrest must be excluded."

Although appellant makes three assignments of error, there is actually only a single assignment of error with three legal issues, i.e., the trial court erred in failing to grant the appellant's motion to suppress. In short, appellant contends that the initial police intrusion into the restroom, the seizure of the contraband, and the arrest were unlawful and the evidence obtained as a consequence thereof should be suppressed. For the reasons enumerated below, we disagree.

We believe that the initial, warrantless intrusion into the restroom by the Franklin police officers was constitutionally permissible. In *Mincey* v. *Arizona* (1978), 437 U.S. 385, 392, the United States Supreme Court stated:

"We do not question the right of the police to respond to emergency situations. Numerous state and federal cases have recognized that the Fourth Amendment does not bar police officers from making warrantless entries and searches when they reasonably believe that a person within is in need of immediate aid. * * * 'The need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency.' "

Under the circumstances of this case, we believe that the Franklin police officers had reasonable cause to believe that an emergency situation existed; more specifically, reasonable cause to believe that the restroom's occupant, the appellant, was in need of immediate aid to protect his life. Ronnie Fugate, the gas station attendant, observed the appellant and concluded that the appellant was intoxicated. When the appellant failed to appear from the restroom after a considerable period of time, Fugate summoned the Franklin police officers. Upon information provided by Fugate,[1] two Franklin police officers approached the restroom and knocked on the door. The appellant failed to respond. The police officers then "picked" the lock and entered. Application of the exclusionary rule to this case would deter police officers from taking appropriate action in future emergency situations in order to protect individuals from possible drug overdose. Therefore, we hold that the Fourth Amendment and its concomitant exclusionary rule do not apply to this emergency situation.

Further, we believe that probable cause existed at the time of the appellant's arrest legally sufficient to support his arrest for disorderly conduct. A police officer has probable cause to arrest when he has sufficient information derived from a reasonably trustworthy source to warrant a prudent man in believing that an offense has been committed and that it has been committed by

---

[1] The only Franklin police officer who testified at the suppression hearing, Officer John Austerman, testified that Fugate did not inform him of Fugate's observations of the appellant prior to his entry into the restroom. Although Fugate did not identify the specific recipient of his communication, he did testify that his observations of the appellant were communicated to the Franklin police department. Thus, the Franklin police department had collective knowledge of Fugate's observations even though John Austerman did not.

the accused. *State* v. *Timson* (1974), 38 Ohio St. 2d 122 [67 O.O.2d 140]. In this case, the intruding police officer may not have had knowledge of Fugate's observations of the appellant prior to his entry into the restroom, but Franklin police officers did have collective knowledge of Fugate's observations and collective knowledge is sufficient to support a finding of probable cause. See *Chambers* v. *Maroney* (1970), 399 U.S. 42. Thus, we believe that the police officers' collective knowledge of Fugate's observations of the appellant's reckless driving and irregular gait coupled with their immediate observations of the appellant sitting on the restroom floor were legally sufficient to support a finding of probable cause to arrest the appellant for disorderly conduct.

Finally, in light of our finding that the appellant's arrest was proper when made, we believe that the seizures of the methaqualone at both the gas station and the police station were proper as searches incident to a lawful arrest. *United States* v. *Robinson* (1973), 414 U.S. 218 [66 O.O.2d 202].

*Judgment affirmed.*

HENDRICKSON, P.J., concurs.

KOEHLER, J., not participating.