**The STATE of Ohio, Appellant,**

v.

**OLIVER, Appellee.**

[Cite as *State v. Oliver* (1993), 91 Ohio App.3d 607.]

Court of Appeals of Ohio,
Wayne County.

No. 2806.

Decided Nov. 17, 1993.

*John Williams,* Assistant Prosecuting Attorney, for appellant.

*Daniel R. Lutz,* Assistant Public Defender, for appellee.

REECE, Judge.

The state appeals the trial court's judgment suppressing a handgun found in the defendant-appellee Robert E. Oliver's automobile. We reverse.

At 1:03 p.m., on February 15, 1993, Tamara Gunnels called the Wayne County Justice Center. She told the dispatcher that Oliver was threatening suicide and

that he was very distraught and somewhat intoxicated when he left her house. Gunnels also informed the police that Oliver had two handguns at his home and gave a description of his automobile. From this information, the police determined Oliver's residence. Oliver had left Gunnels' residence five minutes before she contacted the police. The police dispatcher broadcast this information asking officers to be on the lookout for Oliver.

After these broadcasts, one officer placed Oliver's home under surveillance while others watched for Oliver on the road. The officer who had Oliver's home under surveillance left for a time to help a tow truck find an abandoned vehicle. Fifty minutes after the original report, a police officer observed Oliver and radioed for backup. When Oliver's vehicle was stopped, the officer asked Oliver to exit the automobile. While he was outside his car, a second officer looked inside the vehicle's partially open driver's side door. The officer observed a pipe with a lead weight attached to the end of it next to the driver's seat. The officer then reached under the driver's seat and found a leather case which contained a handgun.

On March 8, 1993, Oliver was charged with carrying a concealed weapon, R.C. 2923.12. Oliver moved the trial court to suppress the handgun as being the result of an illegal search. The court granted this motion, and the state appeals raising as it sole assignment of error the trial court's decision to grant Oliver's motion to suppress.

█ In this case, the trial court found that the police officers were not justified in stopping Oliver. We disagree.

The United States Supreme Court has stated that police officers may respond to emergency situations. *Mincey v. Arizona* (1978), 437 U.S. 385, 392, 98 S.Ct. 2408, 2413, 57 L.Ed.2d 290, 300.

In *Mincey,* the court stated:

"Numerous state and federal cases have recognized that the Fourth Amendment does not bar police officers from making warrantless entries and searches when they reasonably believe that a person within is in need of immediate aid. * * * 'The need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency.'"

One of these "numerous state * * * cases" is *State v. Roach* (1982), 8 Ohio App.3d 42, 8 OBR 44, 455 N.E.2d 1328. In *Roach,* the defendant locked himself in a restroom at a gas station. When he entered the restroom he appeared intoxicated. After the defendant did not leave the restroom for twenty-five minutes, the gas station attendant called the police. The police arrived and "picked" the lock on the restroom door. The defendant was inside holding a plastic bag which contained methaqualone. The court found evidence of Roach's

possession of this drug was admissible, despite the warrantless intrusion because "reasonable cause [existed] to believe that the [defendant] was in need of immediate aid to protect his life." *Id.* at 43, 8 OBR at 45, 455 N.E.2d at 1329. This decision was based on the United States Supreme Court's *Mincey* decision.

In this case, reasonable cause was established that Oliver was in need of immediate aid to protect his life. His friend Gunnels had told the police that he was threatening suicide. Further, Gunnels stated that she believed Oliver would commit suicide. Oliver was "very distraught," intoxicated, and may have used marijuana. Gunnels informed the police that Oliver had two handguns at home that were "ready to go." While Gunnels did not say that those guns were in Oliver's possession, he had an opportunity to reach his home either before the police were contacted or when the officer who had his home under surveillance left to move an abandoned car. Thus, the police had reasonable cause to believe that Oliver was considering suicide. Under *Mincey* and *Roach,* the police were justified in stopping Oliver to see if he was in need of "immediate aid to protect his life."

In order for the police's seizure of a piece of evidence to be permissible, not only must the "stop" of a defendant be justified, but the officer's actions must be reasonably related in scope to the circumstances which justified the "stop" in the first place. *Terry v. Ohio* (1968), 392 U.S. 1, 20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889, 905. The officer's actions in this case were related to the circumstances surrounding Oliver's stop. Oliver was detained to see if a report that he was considering suicide was true. According to that report, Oliver had two handguns at home that were "ready to go." Thus, the police officer's search of Oliver's car to determine if he had a gun was reasonably related to the circumstances of the stop, which were to verify Gunnels's report.

Even if we were to find that the search of Oliver's automobile was not reasonably related to the reason for his stop, we would still find evidence of the gun to be admissible. In *Michigan v. Long* (1983), 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201, the United States Supreme Court recognized that a police officer should be permitted to search the passenger compartment of an automobile, limited to those areas in which a weapon may be hidden, if the officer possesses a reasonable belief based on specific and articulable facts taken together with the reasonable inferences from those facts that the suspect is dangerous and may gain control of a weapon. *Id.* at 1048–1049, 103 S.Ct. at 3480–3481, 77 L.Ed.2d at 1219–1220. Such searches are justified based on the officers' particularly vulnerable position existing because a full custodial arrest has not been effected and the individual may be permitted to reenter his vehicle before the investigation is over. *Id.* at 1049–1052, 103 S.Ct. at 3481–3483, 77 L.Ed.2d at 1221–1222. In this case, the officers were justified in checking

Oliver's car for protective purposes. While suicide is not a crime, Oliver could have been considered dangerous. He was intoxicated, distraught and suicidal. The police had been told that he had handguns at his home and that Oliver had an opportunity to retrieve these weapons. When the officer looked into the partially opened driver's side door of Oliver's vehicle, he noticed a metal pipe with a weight attached to its end. Based on these facts, the officer could have reasonably believed it was necessary to check the passenger compartment of the automobile for his safety, and the safety of his partner. The state's assignment of error is well taken.

The trial court's judgment is reversed and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

QUILLIN, P.J., and DICKINSON, J., concur.