104 F.3d 361
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fredrick GROSS, Plaintiff-Appellant,
v.
David M. SIZEMORE, et al., Defendants-Appellees.
 No. 95-4124.
 United States Court of Appeals, Sixth Circuit.
 Dec. 17, 1996.
 
 Before: CONTIE, SUHRHEINRICH, and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant Fredrick Gross appeals the grant of summary judgment in favor of defendants in this suit filed under 42 U.S.C. § 1983. For the following reasons, we AFFIRM.
 
 
 2
 Plaintiff's suit arises out of a late night confrontation with Eaton, Ohio, police officers.[1] During a routine investigation, the officers encountered an unconscious plaintiff slouched in the passenger seat of a parked van. The officers attempted to arouse plaintiff but, after several unsuccessful attempts, resorted to placing an ammonia capsule under plaintiff's nose. After awakening and exiting the van, plaintiff appeared intoxicated. Consequently, the officers attempted to arrest him for disorderly conduct.
 
 
 3
 During the arrest, plaintiff became belligerent and the officers responded with physical force, ultimately applying mace to plaintiff's face. The officers eventually subdued plaintiff and placed him in the police cruiser. Plaintiff suffered minor injuries.
 
 
 4
 The prosecution eventually dropped the criminal charges of disorderly conduct for procedural reasons. Plaintiff then filed this suit under § 1983 and attached various state law claims. The district court granted summary judgment for all defendants based upon various forms of qualified and statutory immunity. Plaintiff appeals this decision.
 
 
 5
 We review a district court's grant of summary judgment de novo. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727 (6th Cir.1996). After drawing all inferences in favor of the non-moving party, the test is whether the moving party has shown "the absence of a genuine issue as to any material fact." Adickes v. Kress & Co., 398 U.S. 144, 157 (1970).
 
 I. IMMUNITY
 
 6
 Plaintiff's case fails initially because all defendants are immune from suit.
 
 
 7
 In suits brought under § 1983, qualified immunity protects those police officers "whose conduct does not violate clearly established statutory or constitutional rights." Kelm v. Hyatt, 44 F.3d 415, 421 (6th Cir.1995). Applying this test, plaintiff has failed to meet his burden of alleging that the actions of the Eaton police officers violated any clearly established right. See Pray v. City of Sandusky, 49 F.3d 1154, 1158 (6th Cir.1995). In the absence of any such allegation, the officers are immune from plaintiff's § 1983 claims. Siegert v. Gilley, 500 U.S. 226, 231 (1991).
 
 
 8
 Plaintiff's attempt to hold the City of Eaton liable under § 1983 also fails. Municipalities cannot be sued under § 1983 for the actions of their employees or agents unless those actions were executed pursuant to a policy or custom of the city. Monell v. New York Dep't of Soc. Serv., 436 U.S. 658, 694 (1978). Plaintiff's complaint is entirely barren of any allegation of custom or policy on behalf of Eaton.
 
 
 9
 Defendants are also entitled to immunity under Ohio law from plaintiff's ancillary common law claims.[2] Ohio law provides statutory immunity to political subdivisions unless the cause of action asserts "negligent ... acts by their employees with respect to proprietary functions." Ohio Rev.Code Ann. § 2744.02(B)(2) (Anderson 1992) (emphasis added). Ohio law also protects employees of political subdivisions engaged in governmental or proprietary functions unless the employees acted outside the scope of their employment or with "malicious purpose, in bad faith, or in a wanton or reckless manner." Ohio Rev.Code §§ 2744.03(6)(b) (Anderson 1992). At all times during the incident the officers were engaged in routine police services, which the statute defines as governmental, rather than proprietary, functions. Ohio Rev.Code §§ 2744.01(C)(1), (G)(1) (Anderson 1992). Furthermore, plaintiff has again failed to allege any facts that would indicate the officers acted maliciously or in bad faith. Both the officers and the City of Eaton are immune from liability for the state tort claims.
 
 II. ALLEGED CONSTITUTIONAL VIOLATIONS
 
 10
 In addition to the immunity defenses outlined above, we emphasize that plaintiff has failed to prove a violation of his constitutional rights. Plaintiff's allegation that the officers violated the Fourth Amendment by entering the van without a search warrant does not withstand scrutiny. Warrantless entry by police officers is not a per se Fourth Amendment violation. Mincey v. Arizona, 437 U.S. 385, 391-94 (1978). The test is whether the officers reasonably believed that an individual was in need of immediate medical assistance. Id. at 392-93. The officers encountered an unconscious individual slumped in the passenger seat of a parked van who failed to respond to numerous attempts to awaken him. Given this scenario, it was not unreasonable for the officers to conclude that plaintiff might be in need of immediate medical assistance. See State v. Oliver, 91 Ohio App. 3d 607 (1993) (applying federal law); State v. Roach, 8 Ohio App. 3d 42 (1982) (same). Furthermore, the use of ammonia to determine the extent of plaintiff's medical situation was not only reasonable, it was logical. Consequently, the officers' entry into the van and application of ammonia to plaintiff did not violate the Fourth Amendment. See Mincey, 437 U.S. at 392.
 
 
 11
 Plaintiff's contention that the officers lacked probable cause to arrest him for disorderly conduct is without merit. Given plaintiff's initial unconscious state, staggering, and disorientation, the officers reasonably concluded that he was intoxicated. This conclusion gave the officers probable cause to arrest plaintiff under Ohio law. See Ohio Rev.Code Ann. § 2917.11(B)(2) (Anderson 1993). The existence of probable cause then entitled the officers to seize plaintiff without violating the Fourth Amendment. Beck v. Ohio, 379 U.S. 89, 91 (1964); Pyles v. Raisor, 60 F.3d 1211, 1215 (6th Cir.1995).
 
 
 12
 Finally, plaintiff contends that the officers used excessive force in effectuating their arrest. Allegations of excessive force during the course of an arrest are analyzed exclusively under the objectively reasonable test of the Fourth Amendment "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham v. Connor, 490 U.S. 386, 396 (1989). Applying this test, plaintiff has failed to introduce any evidence that the officers acted unreasonably in effectuating the arrest.
 
 
 13
 In sum, all defendants are entitled to immunity from suit. Furthermore, the officers simply did not violate plaintiff's constitutional rights. Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 [1]
 The arresting officers presented the only complete version of these events, as plaintiff was unable to recall much of what transpired
 
 
 [2]
 The district court exercised discretion under United Mine Workers v. Gibbs, 383 U.S. 715 (1966), in retaining jurisdiction over the state law claims despite dismissing the federal causes of action