OPINION
Appellant Curtis Royster appeals a judgment of the Stark County Common Pleas Court convicting him of Drug Abuse (R.C.2925.11(A)(1)) upon a plea of no contest:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTIONS TO DISMISS AND/OR SUPPRESS EVIDENCE BECAUSE THE LAW ENFORCEMENT OFFICER WAS WITHOUT AUTHORITY TO SEIZE THE APPELLANT.
 II. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS AS THE DEFENDANT-APPELLANT'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES WAS VIOLATED.
 III. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS AS THERE IS INSUFFICIENT EVIDENCE TO SUPPORT A FINDING THAT THE CONTRABAND WAS SEIZED PURSUANT TO A SEARCH INCIDENT TO ARREST; THEREFORE, THE EVIDENCE WAS SEIZED IN VIOLATION OF THE DEFENDANT'S FOURTH AMENDMENT RIGHT OT BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES AS GUARANTEED BY THE U.S. CONSTITUTION AS WELL AS ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.
On July 3, 1997, at approximately 4:00 P.M., members of the Alliance Police Department went to the Alpine Motel in order to execute an arrest warrant involving a fugitive believed to be staying at the motel. Officer Sloan from the Portage County Sheriff's Department was working in cooperation with the Alliance Police Department. The police believed that the fugitive was renting either Unit 9 or Unit 10, or both of the rooms, at the motel.
The police divided into two groups, with one unit taking Room 9, and one unit taking Room 10. Based on the configuration of the motel, the officers could not see each other. Officer Sloan knocked on the door of Room 10. Appellant opened the door, and the officer immediately detected a very strong odor of marijuana coming from the room. She asked appellant to step from the room. He complied, and was at that time placed under arrest by Office Bartolet of the Alliance Police Department for being present in a place where drugs are being used. Officer Bartolet then patted down and searched appellant. During the search, the officer found a tube containing crack cocaine in appellant's pocket.
Appellant moved to suppress the crack cocaine on the basis that the search and seizure violated the Fourth Amendment. The case proceeded to a hearing on the motion on September 10, 1997. At this hearing, Patrolman Scott Griffith and Officer Kathy Sloan testified. Appellant then presented a single witness. The hearing was continued at this time, in order to attempt to secure the testimony of Officer Bartolet.
The hearing was continued until September 17, 1997. In the mean time, appellant supplemented his Motion to Suppress, alleging that Deputy Sloan was without jurisdiction to seize appellant.
The hearing continued on September 17, 1997. At this time, appellant withdrew his decision to call Officer Bartolet to the stand. In addition, appellant waived a hearing with regard to the Supplemental Motion to Suppress based on Deputy Sloan's lack of jurisdiction. The court overruled the motion, and appellant entered a plea of no contest to a felony charge of Drug Abuse. He was sentenced to one year incarceration, which was suspended, and he was placed on probation.
 I.
Appellant argues that Deputy Sloan was without authority to seize appellant, as she was not working within her jurisdiction.
On September 17, 1997, when the hearing continued, counsel for appellant stated on the record that Deputy Sloan's testimony at the original hearing was sufficient for the trial court to make a finding regarding the issue of jurisdiction. At the first hearing, Deputy Sloan testified, without objection, that on the day of appellant's arrest, she was conducting the narcotics investigation through the Alliance Police Department pursuant to the authority of a mutual-aid agreement. Tr.(1) 23. She testified that Portage County had a contract with Alliance wherein Portage County police officers have jurisdiction to conduct arrests and/or narcotics investigations in the City of Alliance.Id.
R.C. 509.06 provides that chiefs of police and other police officers, in discharging their duties, may call the sheriff or a deputy sheriff to their aid in State cases.
As appellant did not raise the question of jurisdiction in his original motion, the State was not placed on notice that this would be an issue at the suppression hearing. Appellant waived any further hearing on the issue. Deputy Sloan's testimony that she was helping the Alliance Police Department pursuant to the authority of the mutual-aid agreement executed between the two police departments, was sufficient to withstand appellant's supplement to his Motion to Suppress. In addition, Deputy Sloan did not seize appellant and the arrest was made by Detective Bartolet.
The first Assignment of Error is overruled.
 II.
Appellant argues that Deputy Sloan's seizure of his person, when she ordered him out of his motel room at gunpoint, was unreasonable and unconstitutional.
The court found that appellant was not seized until he was arrested by Detective Bartolet. Deputy Sloan's testimony reflects that she knocked on the door to appellant's room during her search for the person for whom they had the search warrant. When she knocked on the door, appellant opened the door, and she immediately noticed the odor of marijuana. At that point, appellant was asked to step out of the room. He complied with this request.
It is apparent from the record that appellant was not seized until after the police officer detected the strong odor of marijuana. At this point, the officer had probable cause to arrest him for presence in a place where drugs are being used, in violation of an Alliance ordinance. The record does not support appellant's claim that he was seized at the time the officer knocked on the door. Appellant voluntarily opened the door to the motel room. Tr.(I) 27. Although appellant testified that he was then ordered out of the room at gunpoint, Deputy Sloan testified that did not have her weapon drawn.
The second Assignment of Error is overruled.
 III.
Appellant argues that the court erred in finding that the search was incident to a lawful arrest. He argues that in the absence of the testimony of Detective Bartolet, there is insufficient evidence to support the finding that the cocaine was seized pursuant to a search incident to a lawful arrest.
Deputy Sloan testified that after she smelled the marijuana, appellant was asked to step out of the room, and Detective Bartolet arrested him for Presence in a Place Where Drugs were Present. Deputy Sloan testified that appellant was not patted down until after he was arrested, rather than prior to the arrest as claimed by appellant.
As to the scope of a search incident to a lawful arrest, the police may conduct a full search of the arrestee's person, and the search is not limited to the discovery of weapons, but may include evidence of a crime as well. Gustafson vs. Florida (1973),414 U.S. 260; State vs. Ferman (1979), 58 Ohio St.2d 216. Therefore, the only remaining question is whether the arrest was based on probable cause.
Clearly, based on the testimony of Deputy Sloan, she had probable cause to place appellant under arrest. We do not have any evidence concerning the knowledge of Detective Bartolet. The record is unclear as to whether Detective Bartolet was present at the time appellant opened the door, and whether he smelled the marijuana. However, if law enforcement officers are engaged in a common investigation, and they have collective knowledge of facts adding up to probable cause, a warrantless arrest is valid even though the arresting officer alone does not possess these facts.State vs. Henderson (1990), 51 Ohio St.3d 54, 57. There is no requirement that the officers involved in a common investigation communicate all information to the one officer who actually makes the physical arrest. State vs. Roach (1982), 8 Ohio App.3d 42,43-44; State vs. Swick (June 15, 1992), Licking App. No. CA-3751 and CA-3758, unreported. In the case of a common investigation, the knowledge of one officer is the knowledge of all, and the collective knowledge of all the investigating officers, and the available objective facts, are the criteria to be used in assessing probable cause. United States v. Stratton (C.A. 1972),453 F.2d 36, 37, cert. denied, 405 U.S. 1069. See also, Statevs. Gough (1986), 35 Ohio App.3d 81, 82 (police may rely on collective knowledge in making arrest); Roach, supra (officer intruding into restroom stall did not have knowledge of defendant's conduct, but police department as a whole had probable cause).
Upon detecting the odor of marijuana after appellant voluntarily opened the motel room door, Deputy Sloan possessed probable cause to place him under arrest for the misdemeanor offense of Present on Premises Where Drugs are Used or Sold, a fourth degree misdemeanor pursuant to an Alliance Municipal ordinance. As it is clear form Deputy Sloan's testimony that she and Detective Bartolet were involved in a common investigation at the Alpine Motel, the collective knowledge of the officers gave Detective Bartolet probable cause to arrest appellant, whether or not such information was communicated to him by Deputy Sloan.
The third Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By: Reader, J., Hoffman, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the Stark County Common Pleas Court is affirmed. Costs to appellant.