The STATE of Ohio, Appellee,

v.

GARDNER, Appellant.

[Cite as *State v. Gardner* (1993), 88 Ohio App.3d 354.]

Court of Appeals of Ohio,
Hardin County.

No. 6–93–3.

Decided June 22, 1993.

*Eric Overstreet,* Assistant City Law Director, for appellee.

*Thomas A. Roof,* for appellant.

EVANS, Presiding Judge.

This is an appeal by the defendant, Edgar B. Gardner, from a judgment of the Municipal Court of Hardin County, Kenton, Ohio, finding him guilty of driving with a breath-alcohol level which surpassed the specified legal limit, in violation of R.C. 4511.19(A)(3). Due to the nature of the issues presented and the sparse record submitted herein, we have *sua sponte* removed this appeal from the accelerated docket to which it had been previously assigned.

On February 1, 1992, appellant was arrested and charged with a stop light violation, possession of drug abuse instruments, and driving under the influence of alcohol.[1] Appellant filed a timely pretrial motion to suppress evidence based upon the arresting officer's lack of "reasonable suspicion" sufficient to support an investigative stop. Following the motion hearing, the trial court denied appellant's motion, finding that the officer "had a reasonable suspicion that Defendant was operating a motor vehicle while under the influence of alcohol. Acting on that suspicion, the Trooper had the Defendant perform certain field tests to determine if in fact Defendant was under the influence of alcohol. Clearly, the Trooper had sufficient articulable facts upon which to form probable cause for Defendant's stop and arrest."

The court based its ruling on the following facts:

---

1. The traffic light charge was dismissed by the state at the beginning of the trial, and appellant was acquitted of the drug abuse charge. At trial, appellant was convicted only of the R.C. 4511.19(A)(3) violation, based upon the breathalyzer test results.

"Trooper D.W. Laubacher of the Ohio State Highway Patrol was on routine patrol on February 1, 1992 at approximately 2:25 a.m. when he observed a vehicle stop suddenly for a traffic light and then proceed through the traffic light while it was still red. The trooper followed the vehicle for approximately 4 city blocks and followed the vehicle into a carry out parking lot. * * * Once the vehicle came to rest, the Defendant exited the vehicle and appeared to the Trooper to be unsteady on his feet with glassy, bloodshot eyes. Defendant had an odor of an alcoholic beverage about his person and appeared to the Trooper to be 'very intoxicated.'

"The Trooper then [administered] certain field sobriety tests, on which the Defendant performed poorly. Defendant was then placed under arrest for driving while under the influence of alcohol."

Appellant contends that the court erred in overruling his motion to suppress, in that the arresting officer lacked probable cause to stop and arrest him. Appellant asserts as error certain actions on the part of the trial court, as follows:

"I. The trial court committed reversible error in denying defendant's right to present evidence at his pretrial/motion hearing.

"II. The trial court committed reversible error in denying defendant his right to cross exam[ine] the arresting officer and to present evidence on his own behalf at trial."

I

During the hearing on appellant's motion to suppress, the court refused to admit defense testimony opposing that of the arresting officer as to whether appellant had run a red light. The court reasoned that, since appellant had been charged with the traffic light violation, whether or not the violation actually occurred was solely an issue for trial.

Appellant repeatedly argues that if, in fact, appellant did not run a red light as the officer claimed, then the officer had no "reasonable suspicion" that he had committed a crime, and thus no probable cause to stop and arrest him. We agree that had the traffic violation been the only basis for an investigatory stop in this case, appellant would have effectively been denied his right to a hearing on his motion to suppress by the court's refusal to admit the defense witness' testimony. Contrary to the state's assertions herein, for a constitutionally permissible investigatory stop to take place, there must be more than a subjective belief by an arresting officer that a crime has been committed by the defendant. Rather, the officer's suspicions must be *reasonable*, based upon an objective assessment of the "totality of the surrounding circumstances." *State v. Bobo* (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus,

certiorari denied (1988), 488 U.S. 910, 109 S.Ct. 264, 102 L.Ed.2d 252. In a case like the one before us, if the issue of whether the officer made a proper investigatory stop rested solely upon whether a traffic violation had occurred, then, certainly, reasonableness of the stop based upon the "totality of the surrounding circumstances" could only be determined from a proper assessment of the testimony of *all* witnesses to the event.

However, based upon a review of the facts as presented, it appears that the officer did not stop appellant at all, but merely followed him to a "carryout" where he observed appellant voluntarily leave his car and exhibit behavior indicative of excessive alcohol or drug consumption.[2] Only then did the officer approach appellant and begin his investigation.

The officer's mere act of following and observing appellant, based upon his belief (reasonable or not) that a traffic violation had occurred, cannot be construed in and of itself as an investigatory "stop." See *State v. Shanklin* (June 4, 1992), Union App. No. 14–91–45, unreported, 1992 WL 126071 (no traffic stop occurred when defendant did not stop in response to any signal from deputy but, rather, had arrived at his destination). Thus, we find that no actual investigation occurred in this case until appellant was approached by the officer in the carry-out parking lot where appellant had stopped of his own accord and alighted from his car, exhibiting behavior indicative of intoxication.

We conclude, as did the trial court, that evidence of the color of the traffic light when appellant was first observed by the officer was, indeed, irrelevant as to whether appellant was properly approached and arrested for DUI. Therefore, the first assignment of error is overruled.

## II

At the motion hearing, appellant had been told by the trial court that his defense witness' testimony as to the color of the traffic light would be admissible only at trial on the traffic light violation. Appellant was therefore understandably discomfited when, at the beginning of his trial on the charged offenses, the state dismissed the charge on the traffic light violation, and the court then ruled that the witness' testimony would be inadmissible in the drunk driving case

---

**2.** We note that the only place in the record where we are presented with the facts related to the issues herein is in the court's actual judgment entry, since appellant has failed to provide us with the relevant portions of the transcript. We therefore have no basis for reviewing the court's statement of the facts, and must accept the court's interpretation of the facts which were presented by the arresting officer at the motion hearing. We are "guided by a presumption" that the findings of the trial court, as the trier of fact in this case, "were indeed correct." *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410, 461 N.E.2d 1273, 1276.

because it was irrelevant. Consequently, the court did permit the witness to be examined and cross-examined, but accepted the testimony only as a proffer, for purposes of appeal on the issue raised in the motion to suppress.

We have reviewed the proffered evidence, and summarize it, as follows: On February 1, 1992, at approximately 2:15 a.m., Brandon Osborne, the defense witness, left Scooters bar, where he had been drinking with his brother. Shortly thereafter, he noticed what he believed to be appellant's vehicle around three quarters of a block ahead. He observed the vehicle as it drove through a traffic light. He stated that he stopped for the light since it was red, but that appellant had driven under the light when it was yellow. He stated that he lost sight of the vehicle when he turned at the next corner, and that he never saw a trooper, either following appellant or otherwise.

It is clear that the witness' testimony was relevant only for the limited purpose of refuting the officer's testimony that appellant had driven through the red light, which action was not at issue at trial. Moreover, as we stated, *supra*, after a review of the relevant facts, we find the evidence extraneous to the issue of probable cause to arrest, which was determined by the court's denial of the motion to suppress.

Appellant further argues that the court erred in denying him an opportunity to cross-examine the trooper at trial on the issue of appellant's driving behavior and the field sobriety tests. The court stated that those issues were also decided at the probable cause hearing and thus were irrelevant. For the reasons stated, *supra*, we agree with the trial court's ruling. Furthermore, we find from a review of the trial transcript that appellant was, in fact, permitted to cross-examine the officer as to appellant's driving, over the state's objection. Accordingly, we overrule appellant's second assignment of error.

Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

SHAW and THOMAS F. BRYANT, JJ., concur.