OPINION
The defendant-appellant, Charles Daisy ("appellant"), appeals the judgment of the Hardin County Municipal Court finding him guilty of operating a motor vehicle under the influence of alcohol. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history of this case are as follows. On December 24, 1998, Officer Nicholas Sayre of the Kenton Police Department observed the appellant operating a motor vehicle in the City of Kenton. The officer came upon the appellant as he was stopped at a red light. When the light turned green the appellant seemed to accelerate quicker than necessary and the car "jumped." The officer followed the appellant and observed him making a very wide right turn onto Main Street. The appellant's car went two or three feet into another lane during the turn. The appellant continued down Main Street and the officer observed the appellant driving in the portion of the street designated for parking rather than in the portion designated for driving. The appellant then turned into a fast food restaurant and proceeded through the drive-thru. Discovering that the restaurant was closed, the appellant turned back onto Main Street and drove to a convenience store. While on the way to the convenience store, the officer noticed that the appellant was weaving back and forth within his own lane.
When the appellant turned into the convenience store, the officer pulled up along side him in order to speak with him. The officer did not operate his overhead lights at any time. He used a flash light to illuminate the area and asked the appellant if he was lost or had some other problem. The officer noticed that the appellant had a difficult time rolling down his window. Upon talking to the appellant, the officer observed that his eyes were bloodshot, his speech was slurred and he was mush mouthed. These observations led the officer to believe that the appellant might be under the influence of alcohol, so he exited his vehicle and approached the appellant's vehicle.
As the officer approached the appellant's vehicle, he smelled the odor of alcohol and observed empty beer bottles in the car. The officer then asked the appellant to exit his vehicle and perform field sobriety tests. Three different tests were administered to the appellant and he failed them all. Based upon his observations and the results of the field sobriety tests, the officer concluded that the appellant was under the influence of alcohol and placed him under arrest.
The appellant was transported to the police station where he was given the opportunity to take a chemical breath test. The appellant agreed to take the test, but was unable to give a valid sample. The appellant attempted the test twice and both times the results indicated that an invalid sample was received. The officer noted that the appellant refused the test and informed the appellant that it was his right to obtain a separate test of his own choosing if he wished. The appellant did not receive an alternate test.
The appellant was charged with operating a vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1) and driving outside marked lanes, in violation of Kenton City Ordinance 432.08. The appellant filed a motion to suppress/dismiss on January 22, 1999, which was dismissed in accordance with Crim.R. 47 for failure to state with particularity the grounds upon which it was made. The appellant filed an amended motion to suppress/dismiss on February 5, 1999 and a hearing was held on March 15, 1999. The motion contested the warrantless stop, detention, test, and arrest of the appellant. The trial court allowed the motion to go forward on the issues of reasonable suspicion to stop and probable cause to arrest, but refused to hear evidence concerning the refusal of the chemical test. The judge ruled that the refusal was a matter reserved for trial. The trial court overruled the appellant's motion to suppress on April 1, 1999.
A jury trial was held on August 20, 1999. The appellant was found guilty of operating a motor vehicle while under the influence of alcohol and not guilty of driving outside marked lanes. It is from this judgment the appellant appeals asserting three assignments of error.
 Assignment of Error No. 1 The trial court erred to the prejudice of the defendant by refusing to hear the portion of appellant's motion to suppress regarding the alleged refusal of the chemical tests.
First it must be noted that the trial court's practice of not allowing pretrial evidence concerning the validity and admissibility of chemical tests is in direct contravention of the holding set forth by the Supreme Court of Ohio in State v. French
(1995), 72 Ohio St.3d 446. At the commencement of the suppression hearing, the trial court informed defense counsel of the following.
 Of course I believe you are new to practice in this court. The Court has maintained the practice as dictated by the Third District Court of Appeals, will allow you all kinds of inquiries as to the issues as to probable cause for the stop, probable cause for the arrest and anything beyond that is a matter for trial and will be handled at trial. We do not do pretrial motions as far as alcohol and drug analysis and other types of testing that's done other than field tests. So if you want to get into whether in fact it was a valid test, if there was in fact it was a test, then we'll reserve that for trial. Okay.
In French, the Supreme Court of Ohio held that Crim.R. 12(B)(3) applies to all charges under R.C. 4511.19 and that "a defendant charged under R.C. 4511.19(A)(1) through (4) who does not challenge the admissibility of the chemical test results through a pretrial motion to suppress waives the requirement of the state to lay a foundation for the admissibility of the test results at trial." Without such pretrial challenge, the chemical test is admissible at trial without the state demonstrating the requirements for its admissibility, as set forth in R.C.4511.19(D), have been met.[1] Id. at 451.
While the practice employed by the trial court at suppression hearing may at one time have complied with the laws of the State of Ohio, they currently do not. The Supreme Court of Ohio has spoken very clearly on this issue and the trial court would be wise to amend its practices accordingly.
In his first assignment of error, the appellant claims that the trial court erred by not hearing the portion of his motion concerning his refusal to submit to chemical testing. While the trial court's rationale for excluding such evidence was not sound, the result was correct for other reasons.
Crim.R. 47 provides:
 An application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be made in writing unless the court permits it to be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit.
 In State v. Schindler (1994), 70 Ohio St.3d 54, the Supreme Court of Ohio held that the defendant is required to state with particularity the legal and factual issues to be resolved in order to place the prosecutor and court on notice of those issues to be heard and decided by the court and, by omission, those issues which are otherwise being waived.
In his amended motion to suppress, the appellant challenges the warrantless seizure of the appellant by the State of Ohio. The appellant claims that the facts articulated by the officer were lacking and did not constitute probable cause for the stop. The results of the chemical test are only mentioned in the appellant's motion as evidence that should be suppressed due to the warrantless seizure.
Nowhere in the appellant's motion or memorandum in support does he challenge the administration of the test. It is only in his brief to this Court that the appellant argues that the State should have been required to show that the breathalyzer was in proper working order. He failed to state this issue as a basis for relief in his motion to suppress. Neither the prosecution nor the court was placed on notice that the appellant was challenging the admissibility of the breathalyzer. Therefore, this issue was not properly before the trial court at the suppression hearing and the court's refusal to hear evidence concerning such was not improper.
While the rationale the trial court based it ruling on was erroneous, the error was harmless and the correct result was reached. Accordingly, the appellant's first assignment of error is overruled.
 Assignment of Error No. 2 The court erred in ruling at the motion to suppress hearing that there was no "stop" by the officer. Further that the court erred in failing to rule that there was no reasonable articulable reason for the stop, all to the prejudice of the defendant.
The appellant contends that the trial court erred in concluding that the officer did not effectuate a stop in this matter. For the following reasons, we disagree.
This court has previously concluded that our standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence.State v. Vance (1994), 98 Ohio App.3d 56, see, also, State v.Williams (1993), 86 Ohio App.3d 37. In a motion to suppress, the trial court assumes the role of trier of fact, and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. Williams, 86 Ohio App.3d at 41. If the trial court's findings of fact are supported by competent, credible evidence, we are bound to accept them as true. However, once we accept those facts as true, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard. Vance, 98 Ohio App.3d at 58, 59.
In this case, the trial court found that the appellant was approached rather than stopped by the officer. The officer did not turn on his overhead lights to signal to the appellant to pull over. The officer merely conversed with the appellant from their respective vehicles after the appellant had brought his vehicle to a stop in the gas station parking lot.
This court has previously held that the officer's mere act of following and observing the appellant, based upon his belief (reasonable or not) that a traffic violation had occurred, cannot be construed in and of itself as an investigatory "stop." Statev. Gardner (1993), 88 Ohio App.3d 354, see, also, State v.Shanklin (June 4, 1992), Union App. No. 14-91-45. Therefore, the trial court correctly concluded that the officer did not effectuate a stop in this matter. Accordingly, the appellant's second assignment of error is overruled.
 Assignment of Error No. 3 The trial court erred in its instructions to a jury that there was a refusal to take a chemical test to the prejudice of the appellant.
 The appellant contends that he was prejudiced by the trial court's jury instructions. For the following reasons, we disagree.
Crim.R. 30(A) provides in pertinent part the following.
 On appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds for objection.
It is well established by the courts of this state that a failure to object before the jury retires in accordance with the second paragraph of Crim.R. 30(A), absent plain error, constitutes waiver. State v. Willford (1990), 49 Ohio St.3d 247, State v.Underwood (1983), 3 Ohio St.3d 12, State v. Long (1978), 53 Ohio St.2d 91
. A thorough review of the record in this matter reveals that the appellant never, at any time, objected to any of the jury instructions given by the trial court. Therefore, absent plain error, the appellant waived his right to appeal this issue.
Crim.R. 52(B) defines plain error as defects affecting substantial rights. Plain errors may be noticed although they were not brought to the attention of the court. Crim.R. 52(B). The Supreme Court of Ohio has held that an erroneous jury instruction does not constitute plain error unless, but for the error, the outcome of the trial clearly would have been otherwise. The plain error rule is to be applied with utmost caution and invoked only under exceptional circumstances, in order to prevent a manifest miscarriage of justice. Underwood, 3 Ohio St.3d at 14.
The appellant concedes that the instruction in question was held acceptable by the Supreme Court of Ohio in Maumee v. Anistik
(1994), 69 Ohio St.3d 339. However, the appellant is challenging the grammatical correctness of the instruction as typed by the court reporter. The portion of the instruction in question is as follows.
 Evidence has been introduced indicating the defendant was asked but refused to submit to a chemical test of his breath to determine the amount of alcohol in his system, for the purpose of suggesting that the defendant believed he was under the influence of alcohol. (emphasis added)
 In preparing the record of the proceedings, the court reporter typed that portion of the instruction as follows.
 Evidence has been introduced indicating the defendant was asked but refused to submit to a chemical test of his breath to determine the amount of alcohol in his system. The purpose of suggesting that the defendant believed he was under the influence of alcohol. (emphasis added)
The appellant contends that the division of one sentence into two sentences placed undue emphasis on the phrase "the defendant believed" and ignored the balanced approach the Court sought inMaumee v. Anistik.
The jury instructions in this matter were verbally given to the jury by the trial court. There is no evidence in the record that the jury was provided with a written copy. Therefore, the grammar choices employed by the court reporter are irrelevant and certainly do not rise to the level of plain error.
Accordingly, the appellant's third assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 WALTERS, J., concur.
SHAW, J., concurs in judgment only.
[1] The holding in French does not preclude the defendant from challenging the chemical test results at trial under the Rules of Evidence. "Evidentiary objections challenging the competency, admissibility, relevancy, authenticity, and credibility of the chemical test results may still be raised." French,72 Ohio St.3d at 452.