JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, State of Ohio ("State"), appeals from a judgment of the Common Pleas Court granting the motion to suppress of defendant-appellee, Melvin Lomax ("defendant"). Defendant was indicted for one count of possession of drugs in violation of R.C. 2925.11, one count of drug trafficking in violation of R.C. 2925.03, and one count of possession of criminal tools in violation of R.C. 2923.24. After careful review of the record, we affirm the judgment of the trial court.
 {¶ 2} The record presented to us on appeal reveals the following: On July 20, 2004, officers from the Cleveland Police Department responded to a telephone call at 4200/4204 East 188th Street in Cleveland, Ohio regarding a dispute between defendant and Mrs. Virginia Davis ("Mrs. Davis") about the ownership, possession, and/or control over the property located at 4204 East 188th Street. 4204 East 188th Street is an empty lot except for a garage. Mrs. Davis alleged that she owned the property and was renting the space to defendant. Defendant, in turn, claimed the property belonged to his mother. The officers could not determine who actually owned the property and advised the two individuals to resolve the matter through a civil court.
 {¶ 3} As the officers were leaving the property, Mrs. Davis suddenly threw a bag of marijuana at the officers and told them that defendant was keeping marijuana in the garage. The officers approached the garage and noticed a strong smell of marijuana emanating from inside. Officer Dawson entered the garage and observed several bags of marijuana in plain view. Defendant was placed in the patrol car until police backup arrived.
 {¶ 4} Shortly thereafter, Detective Raspberry of the Cleveland Police Department arrived and searched the defendant and his car. A bag of marijuana was found on defendant's person and two bags of marijuana were found in his car. All[1] of the marijuana was confiscated and later tested by the Cleveland Police Department Scientific Investigation Unit. Defendant was placed under arrest and he was ultimately charged with one count of possession of drugs, one count of drug trafficking, and one count of possession of criminal tools.
 {¶ 5} On September 20, 2004, defendant filed a motion to suppress the marijuana found in the garage, his vehicle, and his person, arguing lack of probable cause and failure to obtain a search warrant.
 {¶ 6} A suppression hearing was held on June 23, 2005. The State failed to provide a copy of the transcript of this hearing.
 {¶ 7} On June 24, 2005, the trial court granted defendant's motion to suppress, finding that the police were not presented with exigent circumstances that justified their searching the garage without a search warrant and that they could not have relied on Mrs. Davis's implicit consent to enter the garage because it was not apparent that she had the authority to consent to a search of the garage. The matter is now before this Court on the State's appeal from that entry. Defendant's sole assignment of error states:
 {¶ 8} "I. The standard for determining a warrantless search is whether there exists a valid exception. One exception is the `plain smell' doctrine coupled with exigent circumstances. The trial court erred in finding that officers required more than the probable cause of the overwhelming smell of unburned marijuana because the objective inability to determine the owner of the garage, the possessor of its contents and the identity and nature of the contraband therein gave rise to exigent circumstances."
 {¶ 9} In this assignment of error, the State claims that the trial court erred in granting the defendant's motion to suppress for a number of reasons. First, the State argues that the police had probable cause to believe there was marijuana in the garage, since Mrs. Davis reported that marijuana was present and they could smell it. Next, the State argues that the police were confronted with exigent circumstances that justified a warrantless search. Specifically, the premises were not secured and someone could have removed or destroyed the marijuana. Defendant concedes that the officers had probable cause to believe that marijuana was in the garage but maintains that there were no exigent circumstances justifying a warrantless search of the garage. The issue here concerns whether the officers were required to obtain a search warrant prior to entering the garage.
 {¶ 10} In a suppression hearing, the evaluation of the evidence and the credibility of witnesses are issues for the trier of fact. State v. Mills (1992), 62 Ohio St.3d 357; Statev. Bryson (2001), 142 Ohio App.3d 397, 401; City of Clevelandv. Rees (June 24, 1999), Cuyahoga App. No. 74306; State v.McCulley, (April 28, 1994), Cuyahoga App. No. 64470. At a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to evaluate the credibility of witnesses and resolve questions of fact. State v.Klein (1991), 73 Ohio App.3d 486.
 {¶ 11} Appellate courts should give great deference to the judgment of the trier of fact. Ornelas v. United States (1996),517 U.S. 690; State v. George (1989), 45 Ohio St.3d 325. Accordingly, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.Klein, supra; State v. Armstrong (1995), 103 Ohio App.3d 416,420; State v. Williams (1993), 86 Ohio App.3d 37, 41. However, the reviewing court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the appropriate legal standard.State v. Claytor (1993), 85 Ohio App.3d 623, 627.
 {¶ 12} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. Katz v.United States (1967), 389 U.S. 347. If a search or seizure is found to be unreasonable, the evidence derived from the unreasonable search or seizure is subject to exclusion. Mapp v. Ohio (1961),367 U.S. 643, 81 S.Ct. 1684.
 {¶ 13} In considering the facts of this case, we note that the State failed to provide this Court with a transcript of the proceedings at the suppression hearing. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and must presume the validity of the lower court's proceedings and affirm. Knapp, supra at 197. Accordingly, we must accept the facts as found by the trial court. State v.Gardner (1993), 88 Ohio App.3d 354, 357.
 {¶ 14} Since the defendant concedes that the officers had probable cause to believe that marijuana was present in the garage, we are left to consider whether the trial court erred when it found that no exception to the warrant requirement was applicable to these circumstances.
 {¶ 15} As previously stated, the trier of fact, here, the trial court, is in the best position to resolve questions of fact and evaluate the witness credibility. Ibid. Here, the trial court found that, at the time the police entered the garage, there was "obviously no one in there." Accordingly, the trial court concluded that the police were not presented with exigent circumstances that justified their searching the garage without a search warrant. We agree.
 {¶ 16} Under the exigent circumstances exception, there must be "compelling reasons" or "exceptional circumstances" to justify a warrantless search. Alliance v. Barbee (March 5, 2001), Stark App. No. 2000CA00218, citing State v. Moore (2000),90 Ohio St.3d 47, 52. A warrantless search is justified if there is "imminent danger that evidence will be lost or destroyed if a search is not immediately conducted." Id.
 {¶ 17} Here, there is no indication that any of the marijuana was being destroyed or even in danger of being destroyed. The officers could see defendant. There was also no indication that anyone else was in the garage. There is no reason, under the factual situation as found by the trial court, that the two officers could not have secured the area and obtained a search warrant to search the garage at a later time. The facts as determined by the trial court do not demonstrate any pending danger of injury to anyone, or imminent danger of the destruction of evidence or evidence of flight. Alliance v. Barbee, supra at 13. The facts of this case simply do not justify the warrantless intrusion into the garage pursuant to the exigent circumstances exception. It follows then that the officers had no reason to question defendant, and the search of his vehicle, a search that resulted in the confiscation of the additional marijuana, stemmed from an initial violation of his Fourth Amendment rights. Because this finding is supported by competent and credible evidence in the record and the trial court properly applied this finding to the applicable legal standard, we find that the trial court did not err in granting the defendant's motion to suppress.
 {¶ 18} The State's sole assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Diane Karpinski, J., and Michael J. Corrigan, J., concur.
[1] In total, 8,114.37 grams of marijuana were found.