THE STATE OF OHIO, APPELLANT, *v.* APPLEGATE, APPELLEE.

[Cite as *State v. Applegate* (1994), 68 Ohio St.3d 348.]

(No. 93–600—Submitted October 20, 1993—Decided February 23, 1994.)

*John F. Holcomb,* Butler County Prosecuting Attorney, *Robert N. Piper III* and *Daniel G. Eichel,* Assistant Prosecuting Attorneys, for appellant.

*Clayton G. Napier,* for appellee.

---

PFEIFER, J.   The court of appeals erred by reversing the trial court's determination that the officers' warrantless entry into Applegate's home was justified by exigent circumstances.   Exigent circumstances justify a warrantless entry into a residence by police when police are at the residence pursuant to an emergency call reporting domestic violence and where the officers hear sounds coming from inside the residence which are indicative of violence.

A warrantless police entry into a private residence is not unlawful if made upon exigent circumstances, a "specifically established and well-delineated exceptio[n]" to the search warrant requirement.   *Katz v. United States* (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576, 585.   " 'The need to protect or preserve

life or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency.'" *Mincey v. Arizona* (1978), 437 U.S. 385, 392–393, 98 S.Ct. 2408, 2413, 57 L.Ed.2d 290, 300, quoting *Wayne v. United States* (C.A.D.C.1963), 318 F.2d 205, 212, certiorari denied (1963), 375 U.S. 860, 84 S.Ct. 125, 11 L.Ed.2d 86. In *Wayne*, then-federal Court of Appeals Judge Warren Burger explained the reasoning behind the exigent circumstances exception:

" [T]he business of policemen and firemen is *to act*, not to speculate or meditate on whether the report is correct. People could well die in emergencies if police tried to act with the calm deliberation of the judicial process." *Wayne* at 212.

A warrantless search must be "strictly circumscribed by the exigencies which justify its initiation." *Terry v. Ohio* (1968), 392 U.S. 1, 26, 88 S.Ct. 1868, 1882, 20 L.Ed.2d 889, 908. In this case the officers' warrantless entry was certainly justified by their reasonable belief that it was necessary to investigate an emergency threatening life and limb. They were responding to a call reporting domestic violence. When they arrived at the reported address, they heard noises indicating that violent activity was occurring inside. They entered the residence through a partially opened doorway and confronted Applegate as he stood at the top of the duplex's common stairway. The movements of the officers were conservative, prudent and reasonable.

The court of appeals erred in substituting its judgment for that of the trial court on this mixed question of law and fact. Accordingly, the judgment of the court of appeals is reversed and the judgment of the trial court is reinstated.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

A.W. SWEENEY, J., dissents.