JOURNAL ENTRY AND OPINION
Defendant-appellant Robert Waschpusch ("appellant") appeals from the denial of his motions to suppress and to withdraw his plea.
Appellant assigns the following errors for review:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE.
 II. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION BY DENYING APPELLANT'S MOTION TO WITHDRAW PLEA.
Finding the first assignment of error to have merit, the judgment of the trial court is reversed.
 I.
Appellant was charged in Garfield Heights Municipal Court with operation of a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19 (A) (1); operation of a motor vehicle with a prohibited breath alcohol reading in violation of R.C. 4511.19 (A) (3); reckless operation and failure to control a motor vehicle in violation of R.C. 4511.20; leaving the scene of an accident in violation of R.C. 4549.02; and child endangering in violation of R.C. 2919.22 (C). The charges stemmed from an incident which occurred on November 1, 1998, in Brecksville. On December 3, 1998, appellant filed a motion to suppress. The trial court held a hearing on appellant's motion on January 8, 1999.
At the suppression hearing, Brecksville Police Officer Timothy Butts testified that on November 1, 1998, he received a complaint at 8:23 p.m. about a vehicle being operated recklessly with squealing tires on Crystal Creek Drive. The officer arrived at that location three minutes later. Officer Butts did not observe a vehicle on Crystal Creek Drive but did discover heavy, dark tire marks on nearby Woodstone Road. From the tire tracks, Officer Butts could see that the vehicle left the road, traveled onto the tree lawn, knocked down a small tree, and drove over another lawn before returning to the street. Lighter tire marks in the street indicated the vehicle fish-tailed as a result of acceleration before the darker marks were made in an apparent effort to stop.
As Officer Butts viewed the tire marks, three men approached. The three identified themselves as residents who had heard the sound of tires screeching and had gone outside to investigate. The men informed Officer Butts that they were returning from appellant's residence. The three men had spoken to appellant and his wife about the incident in the couple's garage. Appellant admitted he drove the vehicle and knocked down the tree. Appellant assured his neighbors that he would make restitution. The three men thought appellant was under the influence of alcohol. One resident detected a strong odor of alcoholic beverage on appellant's breath. None of the men indicated that they noted any visible injuries to appellant or his wife.
Officer Butts stated he proceeded to appellant's residence to further investigate the accident. Officer Butts requested assistance in part because the accident caused damage and because he generally asks for back-up if looking for a person who might be intoxicated. Officer Larkman soon arrived and the two policemen went to the side door. They rang the door bell and knocked on the door several times without receiving a response. The officers next tried knocking very hard on the front door and ringing the doorbell. After about two minutes, Officer Butts asked the police dispatcher to telephone the residence. Officer Butts could hear the telephone ringing while he continued to knock and ring the doorbell.
Officer Butts testified the lack of response raised concerns for the safety of appellant and his family. The officer thought someone might have been hurt in the accident and could need assistance. Officer Butts opined that the signs of erratic driving could be consistent with violent activity occurring in the car. This led him to believe that it was possible an episode of domestic violence took place.
Officer Butts discovered the front door of the residence was unlocked. Officer Butts opened the door and loudly identified himself and asked the occupants to come forward. After repeating himself a few more times, Officer Butts stepped into the foyer and again announced himself. After receiving no response, the officer walked through the kitchen toward the garage, the location where appellant and his wife spoke to their three neighbors. Officer Butts opened the door to the garage and saw a car parked there before returning to the foyer. Officer Butts continued to loudly state who he was and to ask anyone in the house to come to the foyer. Officer Butts then heard the noise of a door opening upstairs. Appellant, his wife, and their two children descended the stairs. Appellant held the handrail and appeared to be a little unsteady. Appellant stood in front of Officer Butts. Appellant smelled strongly of alcohol. Officer Larkman accompanied appellant outside, away from the children. Officer Butts informed appellant's wife that appellant likely would be charged with failure to control a vehicle and possibly with leaving the scene of an accident and operating a vehicle while under the influence of alcohol.
Officer Butts administered field sobriety tests to appellant and determined appellant was under the influence of alcohol. Officer Butts placed appellant under arrest. At the police station, appellant admitted he drank two beers earlier in the evening while out to dinner with his wife. Upon his return home, appellant separately took his two children for a ride. Appellant's ten-year old son was in the automobile at the time of the accident.
The trial court denied appellant's motion to suppress. Appellant then changed his plea from not guilty to no contest. The trial court found appellant guilty of driving while under the influence of alcohol, reckless operation, failure to control, and child endangering. The trial court acquitted appellant on the charges of operation of a motor vehicle with a prohibited breath alcohol reading and leaving the scene of an accident.
 II.
In his first assignment of error, appellant raises a number of issues in regard to the trial court's ruling denying his motion to suppress. The determinative issue is whether or not the warrantless entry into appellant's home violated appellant's rights under the United States and Ohio Constitutions.
In a motion to suppress, an appellate court reviews whether a trial court's findings are supported by competent, credible evidence. State v. Lloyd (1998), 126 Ohio App.3d 95. However, once those facts are accepted as true, this court must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard. State v. Williams (1993), 86 Ohio App.3d 37,41.
The Fourth Amendment to the United States Constitution states:
 The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons, or things to be seized.
Section 14, Article I of the Ohio Constitution provides the same protection. The touchstone of Fourth Amendment jurisprudence is that searches and seizures be reasonable. Wilson v. Arkansas
(1995), 514 U.S. 927, 931. A warrantless search and seizure inside an individual's home Presumptively violates theFourth Amendment. Payton v. New York (1980), 445 U.S. 573. Police may not arrest an individual inside the home without a warrant unless both probable cause and exigent circumstances exist. Id. The exceptions to the warrant requirement are limited and carefully delineated. United States v. United States District Court (1972),407 U.S. 297. The burden is placed upon the government to demonstrate that the search fell within one of the exceptions to the warrant requirement. Welsh v. Wisconsin (1984), 466 U.S. 740,750.
Exigent circumstances exist if the police act to protect or preserve life or avoid serious injury. State v. Applegate (1994),68 Ohio St.3d 348. The police must believe that a person in the home is in need of immediate aid. Mincey v. Arizona (1978),437 U.S. 385. The entry and search must be limited in duration and scope to the purpose justifying that intrusion, including only that which is necessary to alleviate the emergency and the dangers associated with it. Id.
Officer Butts testified that his primary purpose in going to appellant's residence was to investigate the accident. Before Officer Butts approached appellant's home, he spoke to the three residents of the neighborhood. None of the men mentioned that appellant or his wife appeared injured. Officer Butts claimed that, because of his observations of the scene of the accident, he thought it possible someone may have been injured. Officer Butts stated the injuries might have been latent.
Officer Butts' explanation of his concern about possible latent injuries to the occupants of the vehicle is not sufficient to rebut the presumption the intrusion into appellant's home was unreasonable per se. The officer stated his purpose in going to the residence was to investigate the accident. Based upon the narrative given by the three neighbors, Officer Butts should have been aware that there was no immediate threat of death or serious injury. Based upon these facts, no exigent circumstance exists which justify the entry into appellant's home.
Further, Officer Butts stated reason for going to appellant's house was to investigate the accident. Warrantless home arrests are not permitted when the underlying offense is relatively minor. Welsh, supra. The presumption of unreasonableness is difficult to rebut when the government's interest is to arrest for a minor offense. Id. Certainly, investigating an accident is much too minor a concern to justify entry into a home without a warrant.
As a matter of law, the trial court abused its discretion by overruling appellant's motion to suppress. Any evidence obtained by the police as a result of the Fourth Amendment violation must be excluded. United States v. Calandra (1974), 414 U.S. 338.
Appellant's first assignment of error is well-taken.
 III.
Based upon the disposition of the first assignment of error, appellant's second assignment of error is moot.
Judgment reversed.
The judgment of the trial court is reversed. Judgment entered for appellant.
It is ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, ADM.J. and TERRENCE O'DONNELL, J. CONCUR.
 ______________________ LEO M. SPELLACY JUDGE