OPINION
This is an accelerated appeal of a decision of the Mentor Municipal Court, denying appellant's motion to suppress evidence in his conviction for driving under the influence of alcohol and driving under suspension.
At about 1:30 a.m., on August 24, 2000, Officer Brent A. Bramley, of the Mentor-on-the-Lake police force, noticed a car parked in the parking lot of a small business complex. The vehicle had not been there when Officer Bramley had driven by the same location about an hour earlier. Officer Bramley decided to investigate the car.
At first, Officer Bramley did not see anyone in the car, but, as he got closer, he saw appellant, Yale E. Stuble, lying across the front seat of the car. The officer approached the car and knocked on the window, but appellant did not move or respond. Officer Bramley then checked the door handle, and, finding the door unlocked, opened the door and awakened appellant.
While awakening appellant, Officer Bramley smelled alcohol. He asked appellant to step out of the car, and, when appellant did so, he was unstable on his feet and swaying. After appellant refused to perform the field sobriety tests, he was placed into custody and transported to the police station.
Appellant was charged with driving under the influence of alcohol and driving under suspension. Appellant pleaded not guilty and moved the court to suppress all evidence gathered by Officer Bramley. The trial court denied appellant's motion, whereupon appellant changed his plea to no contest.
Appellant's timely appeal raises the following assignments of error:
 "[1.] The trial court erred in denying defendant-appellant's motion to suppress evidence because the evidence was obtained as the result of an unreasonable investigatory search and seizure in violation of defendant-appellant's rights under Article I, § fourteen of the Ohio Constitution and the Fourth and Fourteenth amendments to the United States Constitution.
 "[2.] The trial court refused to follow this court's decision in State of Ohio v. Robert J. Barth (June 2, 2000), Lake App. No. 99-L-058, unreported."
 As appellant argues both of his assignments of error together, for convenience we will do so as well.
Essentially, appellant argues that, under our decision in State v.Barth (June 2, 2000), Lake App. No. 99-L-058, unreported, 2000 Ohio App. LEXIS 2351, when a police officer opens the door of a person's automobile, the officer has seized the person. Because Officer Bramley opened appellant's car door before he had any reason to believe that appellant was committing a crime, appellant argues, the officer did not comply with the restrictions of Terry v. Ohio (1968), 392 U.S. 1, and thus Officer Bramley's seizure was unreasonable.
Appellant's argument is not well taken. In State v. Barth, the officer noticed a car parked in a parking lot at 1:30 a.m., with a person sitting in the driver's seat with a cowboy hat over his face. The officer approached the car to investigate, and tapped on the car window. When the officer tapped on the window, the occupant began moving. The officer then opened the car door and asked if the occupant was all right. When the occupant replied, the officer smelled alcohol, and began to investigate the occupant for driving under the influence. We held that, when the officer opened the car door without permission, he had seized the occupant, and, because he had no reasonable suspicion that the occupant was driving under the influence when he opened the door, the officer violated the occupant's Fourth Amendment rights.
The present case is factually different from the Barth case. Officer Bramley did approach the parked car, at approximately 1:30 a.m., and discover a motionless person inside as did the officer in Barth. In the present case, however, appellant did not respond to Officer Bramley knocking on the car window. Because appellant did not respond at all to the officer's knocks on the car window, it was reasonable for Officer Bramley to believe that appellant was experiencing a medical problem, and that his life may be in peril.
"[T]he Fourth Amendment does not bar police officers from making warrantless entries and searches when they reasonably believe that a person within is in need of immediate aide." Mincey v. Arizona (1978),437 U.S. 385, 392. See, also, State v. Applegate (1994),68 Ohio St.3d 348,349-50. This entry must be "strictly circumscribed by the exigencies which justify its initiation." Terry at 26. However, "[t]he need to protect or preserve life or to avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency." Mincey at 392-93, quoting Wayne v. United States (1963),318 F.2d 205, 212.
In this case, Officer Bramley could open the car door on the basis of his reasonable concerns regarding whether appellant was encountering some sort of physical ailment. Officer Bramley's concern for appellant's physical safety is an exigent circumstance that permitted him to open appellant's car door. Thus, Officer Bramley's actions did not violate appellant's Fourth and Fourteenth Amendment rights, and appellant's assignments of error are without merit.
The judgment of the Mentor Municipal court is affirmed.
CHRISTLEY, P.J., GRENDELL, J., concur.