OPINION
Plaintiff-appellant, the state of Ohio, appeals a decision of the Butler County Court of Common Pleas, granting the motion of defendants-appellees, Vincent Beckman and Mia Crane, to suppress evidence discovered in a search of their residence. For the reasons that follow, we reverse the decision of the trial court.
On November 30, 2000, Oxford, Ohio Police Officers Jon Varley and Shawn Terrell responded to a report of a domestic disturbance. An anonymous caller had phoned 911 and informed the dispatcher that he could hear a man and woman arguing at 5 West Chestnut Street, and that he believed that a physical fight was taking place between the two. Although the caller declined to give his name to the 911 dispatcher, he was later identified as Carlos Eversole. Eversole, who resided next door at 7 West Chestnut, was standing outside when the police arrived. The responding officers asked him "which house?" In response, Eversole simply pointed to the residence at 5 West Chestnut. The officers made no further inquiries before approaching the home.
Officer Varley, in uniform, approached the front door, and knocked loudly. A male voice responded, "who is it?" Officer Varley announced that it was the police and knocked again. After knocking again and warning that he would kick the door in if it were not opened, Officer Varley tried the doorknob. It was unlocked, and Officer Varley entered. Officer Terrell, dressed in plain clothes, entered behind him.
They first came upon Beckman in the living room. Officer Varley directed him to remain in the living room with Officer Terrell. Officer Varley then proceeded to search for anyone else in the home. He proceeded down a hallway, passing by a bathroom and an open bedroom door. He didn't observe anyone in the first bedroom, and proceeded to open a closed door at the end of the hallway. He entered the second bedroom, drew back a curtain hanging in front of a closet doorway, and discovered live marijuana plants. He immediately returned to the living room and informed Beckman that he was under arrest for the cultivation of marijuana. Beckman initially resisted the officers' attempt to handcuff him. During the struggle, Crane entered the living room from the hallway. Crane was also placed under arrest, the house was secured, and a warrant to search the house was obtained.
As a result of the evidence found in the residence, appellees were charged with possession of cocaine, possession of marijuana, two counts of possession of drugs, illegal processing of drug documents, cultivation of marijuana, and possession of drug paraphernalia. Appellees moved to suppress the evidence seized from the residence. The trial court held a hearing on the motions and, in a written decision, granted the motions to suppress. The state appeals the trial court's decision to grant the motions, raising the following assignment of error:
 THE TRIAL COURT ERRED IN GRANTING THE DEFENDANTS-APPELLEES' MOTIONS TO SUPPRESS EVIDENCE.
When considering a motion to suppress evidence, the trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19, 20. Upon review of a trial court's decision on a motion to suppress, an appellate court must accept the trial court's factual findings if they are supported by substantial and credible evidence.State v. Williams (1993), 86 Ohio App.3d 37, 41. An appellate court, however, reviews de novo whether the trial court applied the appropriate legal standard to the facts. State v. Anderson (1995),100 Ohio App.3d 688, 691. The determinative facts in the present case are not disputed and the sole issue presented for our review is whether the warrantless entry into the residence was constitutionally valid under the "exigent circumstances" exception to the warrant requirement.
The Fourth Amendment to the United States Constitution, as well as Section 14, Article I of the Ohio Constitution, provide that individuals have the right to be free from unreasonable searches and seizures. These provisions require search warrants to be particular and supported by probable cause. A warrantless search or seizure effected on premises in which an individual has a reasonable expectation of privacy is per se
unreasonable unless it falls within one of the recognized exceptions to the warrant requirement. State v. Moore (2000), 90 Ohio St.3d 47, 49;Payton v. New York (1980), 445 U.S. 573, 586-87, 100 S.Ct. 1371, 1380. Otherwise, the evidence seized in the unreasonable search must be suppressed. AL Post 763 v. Ohio Liquor Control Comm. (1998),82 Ohio St.3d 108, 111.
One exception permitting a deviation from the warrant requirement is the "exigent circumstances" exception. Welsh v. Wisconsin (1984),466 U.S. 740, 749, 104 S.Ct. 2091, 2097, citing Payton at 583-90,100 S.Ct. at 1378-82. The reasoning which underlies the exigent circumstances exception is that "the business of policeman * * * is toact, not to speculate or meditate on whether the report is correct. People could well die in emergencies if police tried to act with the calm deliberation of the judicial process." State v. Applegate (1994),68 Ohio St.3d 348, 349-350 (emphasis sic), quoting Wayne v.United States (C.A.D.C. 1963), 318 F.2d 205, 212. In such cases, the need to protect or preserve life, or prevent serious injury, "is justification for what would be otherwise illegal absent an exigency or emergency."Applegate at 349-350, quoting Mincey v. Arizona (1978), 437 U.S. 385,392-393, 98 S.Ct. 2408, 2413. A "myriad of circumstances could fall within the terms `exigent circumstances' * * * [including] reasonable grounds to believe an injured or seriously ill person is being held within." Wayne at 212.
Even so, when officers embark on a warrantless search, it must be "strictly circumscribed by the exigencies which justify its initiation."Applegate at 944, citing Terry v. Ohio (1968), 392 U.S. 1, 26,88 S.Ct. 1868, 1882. The reasonableness of a warrantless entry and search depends on the totality of the circumstances known to the police officers at the time. See id.; State v. Oliver (1993), 91 Ohio App.3d 607.
In Applegate, the Ohio Supreme Court addressed a case involving facts similar to those in the present case. In that case, an unidentified caller phoned 911 to report a domestic disturbance. The caller was later identified as the victim of domestic violence and the defendant's wife. Police officers responded to the dispatch. When they arrived at the residence, they heard an angry male voice, yelling, arguing, and loud bumping noises, as if furniture was being turned over. The officers entered the residence and arrested the defendant, who later filed a motion to suppress, alleging that the officers were not justified in their warrantless entry into the residence.
The Ohio Supreme Court disagreed, and held that the officers' warrantless entry was justified "by their reasonable belief that it was necessary to investigate an emergency threatening life and limb."Applegate at 350. This reasonable belief was supported by the report of domestic violence and the noises the officers encountered on their arrival, which indicated that violent activity was occurring inside.
The trial court, as well as appellees, distinguish Applegate from the present case, pointing out that in the present case, the responding police officers did not hear any noise indicating a domestic disturbance upon their arrival. We do not find this distinction to be dispositive of the issue. While the Applegate court found that the presence of angry voices and loud banging noises was relevant to determining whether the responding officers had a reasonable belief that someone was in immediate need, it did not create a requirement that such sound always be present before officers may enter without a warrant. The fact that a home is silent upon an officer's arrival is "not determinative of the question whether someone inside was in need of immediate medical attention or police protection." State v. Byerly (Aug. 21, 1998), Portage App. No. 97-P-0034, unreported, 1998 WL 6376989, unreported, at *11. While sounds indicating violence within a home may provide powerful justification for immediate action, silence in fact may also increase the legitimate cause for concern.
In the present case, the officers responded to a dispatch indicating that a domestic disturbance was occurring. Upon their arrival, the officers approached Eversole, the 911 caller, who indicated that the disturbance was occurring next door, at 5 West Chestnut Street. The officers approached the home. Although Beckman verbally responded to Officer Varley's first knock, he failed to open the door even after Officer Varley repeatedly knocked and announced his presence. Under these circumstances, the responding police officers had reasonable cause to believe that someone in the home may have needed police assistance. These facts provide evidence of exigent circumstances which justified the warrantless entry into the home. Accordingly, the assignment of error is sustained, and the decision of the trial court suppressing the evidence is reversed.
Judgment is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion and according to law.
POWELL and VALEN, JJ., concur.