OPINION
{¶ 1} This is an appeal of Appellant's conviction on an amended charge of Unlawful Restraint.
{¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} On September 7, 2004, Lancaster police were dispatched to 132 S. Arlington Avenue on a 911 domestic violence call made by Karen Gordon. (T. at 35). Ms. Gordon stated that her son-on-law, Appellant Shane Martindale, told her on the telephone that he was involved in an argument with her daughter Annette Martindale and that he had pushed Annette and dragged her from the sofa by her hair. Ms. Gordon stated that she then heard her daughter scream to call 911 and that the phone line then went dead.
{¶ 4} Officers Williams and Petty responded to the 911 call at approximately 1:31 a.m. Upon arriving at the scene they observed someone exiting through the front door, who, upon seeing the officers, turned around, ran back into the residence and turned off all the lights in the house. (T. at 37-38). The officers observed a vehicle parked in front of the residence with a smashed windshield. (T. at 38). The officers also observed a shattered framed marriage certificate of Shane and Annette Martindale. Id.
{¶ 5} The officers knocked on the front door and announced themselves and stated that they needed for the occupant to open the door. (T. at 40). When no one responded, the officers called the residence but again received no answer or response. Id. Officer Petty then went around to the rear of the house to see if someone may have exited through a back door. He stated that he heard whispering coming from inside the residence and that it sounded like there was more than one person inside and furthermore sounded like someone may be trying to keep someone else quiet. (T. at 85).
{¶ 6} At this time, the officers contacted Sgt. Greenwalt for permission to enter the residence. (T. at 43). Sgt. Greenwalt arrived on the scene, and upon being advised of the officers' observations, kicked in the front door. Appellant was located, ordered to the ground and handcuffed. (T. at 40). The officers were unable to locate Annette Martindale. Appellant was then placed on the sofa and questioned as to what had occurred earlier that evening. Appellant stated that he and his wife had had an argument and that he had pulled her hair and knocked her down but that he had not hit her. (T. at 52). Appellant was then placed under arrest and charged with domestic violence and obstructing official business.
{¶ 7} At his arraignment, Appellant pleaded not guilty.
{¶ 8} On September 24, 2004, Appellant filed a Motion to Suppress arguing: (1) that the officers lacked probable and articulable suspicion to justify the initial stop of Appellant; (2) that the statements made by Appellant were done in violation of his Miranda rights; (3) that no probable case existed to justify the warrantless arrest of Appellant; and (4) that no justification existed for the warrantless forced entry into Appellant's home.
{¶ 9} On January 10, 2005, the trial court held an oral hearing on Appellant's Motion to Suppress. At the close of testimony, the trial court requested written closing arguments which were submitted on January 14, 2005.
{¶ 10} On January 21, 2005, the trial court issued a Judgment Entry on Appellant's Motion to Suppress, finding that the entry into Appellant's home was legal because the officers believed that there was a substantial risk of harm to Annette Martindale and that probable cause existed for Appellant's arrest because he told police that he "pulled her (Annette Martindale) off the couch". The trial court did find, however, that the statements made by Appellant could not be admitted at trial because such statements had been made in response to questions directed to him after he had been arrested without first having been read his Miranda rights.
{¶ 11} On April 7, 2005, Appellant entered a plea of not contest to an amended charge of Unlawful Restraint.
{¶ 12} Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR
{¶ 13} "I. THE TRIAL COURT ERRED IN DETERMINING THAT EXIGENT CIRCUMSTANCES JUSTIFIED THE WARRANTLESS FORCED ENTRY INTO THE DEFENDANT'S HOME.
{¶ 14} "II. THE TRIAL COURT ERRED IN FINDING PROBABLE CAUSE TO ARREST THE DEFENDANT WITHOUT A WARRANT, AND COMPOUNDED THAT ERROR BY JUSTIFYING THE WARRANTLESS ARREST OF THE DEFENDANT UPON THE DEFENDANT'S STATEMENT WHICH THE TRIAL COURT EXCLUDED FROM TRIAL ON THE BASIS THAT THE STATEMENT WAS OBTAINED IN VIOLATION OF THE DEFENDANT'S CONSTITUTIONAL RIGHTS."
 I.
{¶ 15} In his first assignment of error, Appellant argues that the trial court erred in finding that exigent circumstances existed. We disagree.
{¶ 16} Warrantless searches and seizures are unreasonable under the Fourth Amendment except for a few well-delineated exceptions.Horton v. California (1990), 496 U.S. 134, 110 S.Ct. 2301;State v. Willoughby (1992), 81 Ohio App.3d 562, 567,611 N.E.2d 937.
{¶ 17} One such exception to the warrant requirement is the exigent-circumstances exception which permits officers to act quickly, without a warrant, to prevent the imminent destruction of evidence. See State v. Moore, 90 Ohio St.3d 47, 52,2000-Ohio-10, 734 N.E.2d 804; State v. McGettrick (1988),40 Ohio App.3d 25, 323-3, 531 N.E.2d 755; State v. Hatcher (Sept. 3, 1999), 1st Dist. No. C-980938.
{¶ 18} A warrantless search or seizure mandated by exigent circumstances must be "strictly circumscribed by the exigencies which justify its initiation." State v. Applegate,68 Ohio St.3d 348, 350, 1994-Ohio-356, 626 N.E.2d 942;
{¶ 19} "The need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency." Id. quoting Mincey v. Arizona
(1978), 437 U.S. 385, 392-393, 98 S.Ct. 2408, 57 L.Ed.2d 290, in turn quoting Wayne v. United States (C.A.D.C. 1963),318 F.2d 205, 212.
{¶ 20} In the case sub judice, the trial court found that the officers were justified in entering Appellant's residence without a warrant, stating:
{¶ 21} "Under the facts present in this case it was completely reasonable for the officers to believe that there was a substantial risk of harm to the Defendant's wife that could occur if they were to delay the search of the residence until a warrant could be obtained. This is the exact type of situation that Justice Burger was referring to when he stated that "people could well die in emergencies if police tried to act with the calm deliberation of the judicial process." Wayne. The officers had received a report of a 911 call from the residence. The report included information that the female resident had screamed for help. Upon arriving at the scene, the offices observed the Defendant run back into the residence upon seeing the police. The officers observed the lights go out, the broken windshield, and broken marriage license. Finally, telephone calls to the house went unanswered and attempts to get someone to come to the door had failed. The facts justified the warrantless entry of the Defendant's home, and that branch of Defendant's motion is overruled." (Jan. 21, 2005, Judgment Entry at 5-6).
{¶ 22} Based on the foregoing, we find that the trial court was correct in holding that exigent circumstances existed in this case to justify to the warrantless entry.
{¶ 23} Appellant's first assignment of error is overruled.
 II.
{¶ 24} In his second assignment of error, Appellant argues that the trial court erred in finding that probable cause existed to arrest Appellant. We agree.
{¶ 25} Probable cause exists when at the time of arrest the officer had "* * * facts and circumstances within [his] knowledge and of which [he] had reasonably trustworthy information * * * sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Beck v.State of Ohio, (1964), 379 U.S. 89, 91.
{¶ 26} In determining whether probable cause to arrest exists, the totality of the facts and circumstances must be "sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." Id. See, also,Gerstein v. Pugh (1975), 420 U.S. 103, 111-112, 95 S.Ct. 854,43 L.Ed.2d 54; State v. Tibbetts (2001), 92 Ohio St.3d 146,153, 749 N.E.2d 226. A determination of probable cause is made from the totality of the circumstances. Factors to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, association with criminals and location. Katz, Ohio Arrest, Search and Seizure (1995), 77-81, Section T. 3.05(A), (B) and (C).
{¶ 27} The trial court found that the statement made by Appellant to the police that "[he] didn't hit her, just pulled her off the couch" had to be suppressed at trial because at the time of the statement he had been placed under arrest and had not yet been advised of his Miranda rights.
{¶ 28} However, the trial court went on to find that probable cause existed for the arrest based on "the facts that the officers had prior to the entry into the residence, and the Defendant's admission to the officer, while not admissible at trial, do support a finding that there was probable cause to arrest Defendant for the offense of domestic violence." (Jan. 21, 2005, Judgment Entry at 7).
{¶ 29} Upon review of the entire record in this matter, we find the totality of the facts and circumstances does not support the trial court's finding of probable cause.
{¶ 30} Without Appellant's statement that he pulled Annette Martindale off the couch, the police had no evidence that an act of domestic violence had occurred. The victim was not present at the scene when Appellant was arrested. In fact, when she appeared at the scene subsequent to Appellant's arrest, she denied any domestic violence had occurred, refused cooperate with the police, cursed her mother for calling the police and ordered everyone out of her house. (T. at 24-29).
{¶ 31} Appellant's second assignment of error is sustained.
{¶ 32} The decision of the Fairfield County Municipal Court is affirmed in part and reversed in part.
Boggins, PJ. Gwin, J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Municipal Court, Fairfield County, Ohio, is affirmed in part and reversed in part. Costs assessed to Appellant and Appellee equally.