[Cite as *Cleveland v. Lynch*, 2012-Ohio-5740.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98201**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## KELLY M. LYNCH

DEFENDANT-APPELLANT

**JUDGMENT:
REVERSED AND REMANDED**

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2011 TRC 044123

**BEFORE:** Sweeney, J., Stewart, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** December 6, 2012

**ATTORNEY   FOR APPELLANT**

Michael K. Webster
800 Standard Building
1370 Ontario Street
Cleveland, Ohio   44113

**ATTORNEYS   FOR APPELLEE**

Barbara Langhenry
Interim Director of Law
By: Jonathan L. Cudnik
Assistant City Prosecutor
601 Lakeside Avenue, Suite 106
Cleveland, Ohio 44114

JAMES J. SWEENEY, J.:

{¶1} Defendant-appellant, Kelly Lynch, ("defendant"), appeals from her conviction for driving under the influence under Cleveland Codified Ordinances 433.01(A)(1). Defendant contends the municipal court erred by denying her motion to suppress.  For the reasons that follow, defendant's appeal has merit.

{¶2} On July 26, 2011, Steve Corrachione testified that at approximately 12:40 a.m. he heard a loud boom.  He looked outside and saw defendant's car smashed into his neighbor's tree.  Corrachione called the police and reported the accident. He also requested EMS and fire due to the large amount of damage to the vehicle.

{¶3} Corrachione went outside and spoke to defendant, who indicated that she did not need EMS. Defendant got back into her vehicle and drove away. Within a few minutes, the police and EMS arrived at the accident scene. Corrachione gave them a description of defendant and the vehicle and told them she was headed westbound down Stickney Avenue towards W. 58th Street.

{¶4} Corrachione did not see defendant hit or damage anything besides her car. There was no significant damage to the tree.

{¶5} Officers John Kubas and Costanzo responded to the scene of the accident. Kubas observed minor damage to the tree and debris on the tree lawn at the accident scene. The vehicle was gone, but he observed car fluids in the street heading in a westbound direction on Stickney Avenue. They took Carrachione's description of the driver and her vehicle. Kubas and Costanzo then followed the fluid trail to an address on Traymore Avenue. A brown Toyota with front-end damage and deployed air bags was in the driveway. The trail of fluid ended under that vehicle. The rear door of the residence was open. The officers could see defendant in the kitchen with her keys and purse on the table.

{¶6} As they approached the rear door, they heard her say, "Oh, boy. I'm okay. I'm inside my house." The screen door was closed. Kubas did not remember if defendant allowed them inside the house or not. Officer

Costanzo, however, recalled that she did not give them consent to enter. Kubas opened the door and entered the house "believing that [defendant] was [their] suspect involved in this accident * * *." He asked if she was okay. Her reply was, "I'm okay."

{¶7} Kubas asked defendant to step out of the house. Kubas described defendant as "a little noncompliant," but indicated she did walk out of the house with them. Once outside, they asked defendant about her car and she denied being involved in any kind of accident. She claimed to have been home all night, said she did not know who was driving her car, and also stated that "it was already like that."

{¶8} Kubas indicated he smelled alcoholic beverage on defendant's breath, causing him to believe she was intoxicated. Defendant was arrested on suspicion of OVI, leaving the scene of the accident, and failure to control.

{¶9} The officers had no suspicions that defendant had been drinking prior to the time they entered her house without a warrant.

{¶10} Officer Frank Costanzo's testimony was substantially similar to that of Office Kubas. Officer Costanzo stated that they entered defendant's house out of concern for her safety and also because she matched the description of the suspect. Defendant refused EMS treatment, and the officers determined that she was not injured. Officer Costanzo said they

charged defendant with OVI because she "displayed signs that she had been drinking" although she refused to submit to any testing.

{¶11} The municipal court denied appellant's motion to suppress. Defendant entered a plea of no contest to the charge of driving under the influence and was found guilty. The remaining charges were nolled. Sentence was imposed, and defendant now presents the following assignment of error for our review:

ASSIGNMENT OF ERROR:

The Trial Court erred in denying Appellant's motion to suppress evidence because the warrantless search and seizure of Appellant was not justified by any exception to the warrant requirement of the Fourth Amendment.

{¶12} "It is axiomatic that the physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." *Welsh v. Wisconsin*, 466 U.S. 740, 748, 104 S.Ct. 2091, 80 L.Ed. 2d 732 (1984), quoting *United States v. United States Dist. Court for the E. Dist. of Michigan*, 407 U.S. 297, 313, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1972).

{¶13} In *Welsh*, the court noted that while exceptions do exist, "exceptions to the warrant requirement are 'few in number and carefully delineated' * * * and that police bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches or arrests." *Welsh*, 466 U.S. at 749-750, 104 S.Ct. 2091, 80 L.Ed.2d 732,

quoting *United States v. United States Dist. Court*, 407 U.S. at 318, 92 S.Ct. 2125, 32 L.Ed.2d 752.

{¶14} In this case, the City argues that it established two exceptions that justified the warrantless intrusion into defendant's house: (1) exigent circumstances; and (2) hot pursuit.

{¶15} Defendant contends that the City failed to establish any exceptions that would justify the warrantless entry into her home. For that reason, defendant argues the municipal court erred by denying her motion to suppress.

{¶16} Appellate courts should give great deference to the judgment of the trier of fact. *Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989). Accordingly, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Armstrong*, 103 Ohio App.3d 416, 420, 659 N.E.2d 844 (9th Dist.1995); *State v. Williams*, 86 Ohio App.3d 37, 41, 619 N.E.2d 1141 (4th Dist.1993). However, the reviewing court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the appropriate legal standard. *State v. Claytor*, 85 Ohio App.3d 623, 627, 620 N.E.2d 906 (4th Dist.1993).

{¶17} The hot pursuit exception provides that "a suspect may not defeat an arrest which has been set in motion in a public place * * * by the expedient of escaping to a private place." *United States v. Santana*, 427 U.S. 38, 43, 96 S.Ct. 2406, 49 L.Ed. 2d 300 (1976). This doctrine has been found to apply in situations where police observe a misdemeanor traffic offense and pursue the suspect from a public place into a private one. *Middletown v. Flinchum*, 95 Ohio St.3d 43, 2002-Ohio-1625, 765 N.E.2d 330.

{¶18} In this instance, the police did not observe defendant commit any offense and were not in "hot pursuit." *See State v. Letsche*, 4th Dist. No. 02CA2693, 2003-Ohio-6942, ¶ 24, citing, *Welsh, supra* (stating hot pursuit argument is unconvincing where there was no immediate or continuous pursuit of the petitioner from the scene of a crime). The first time the officers saw defendant, she was in her kitchen. Therefore, the warrantless entry into defendant's home was not justified under the "hot pursuit" exception.

{¶19} The City contends that an alternative basis for entering the home is provided by the exigent circumstances exception. A "warrantless police entry into a private residence is not unlawful if made upon exigent circumstances * * *," including when there is an emergency or urgent situation. *State v. Applegate*, 68 Ohio St.3d 348, 349, 1994-Ohio-356, 626 N.E.2d 942. Under the exigent circumstances exception, there must be

"compelling reasons" or "exceptional circumstances" to justify a warrantless entry. *State v. Lomax*, 8th Dist. No. 86632, 2006-Ohio-3725, ¶ 16, citing *Alliance v. Barbee*, 5th Dist. No. 2000CA00218, 2001 Ohio App. LEXIS 1120 (Mar. 5, 2001), citing *State v. Moore*, 90 Ohio St.3d 47, 52, 2000-Ohio-10, 734 N.E.2d 804.

{¶20} Both officers testified that they entered defendant's home not only because they believed she was their suspect, but also out of concern for her well-being. Police are authorized to make warrantless entry into a residence if they had a "reasonable belief that it was necessary to investigate an emergency threatening life and limb." *Applegate*, 68 Ohio St. 3d at 350; *see also* *Mincey v. Arizona*, 437 U.S. 385, 392-393, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978). When considering the totality of the circumstances, the record does not satisfy this exception.

{¶21} "[W]arrantless home entry should be severely restricted when only a minor offense has been committed * * *." *Welsh,* 466 U.S. at 750. A search without a warrant is not justified unless the exigencies of the situation make that course imperative. *McDonald v. United States*, 335 U.S. 451, 454-456, 69 S.Ct. 191, 93 L.Ed. 153 (1948).

{¶22} The officers did not witness the collision. The gentleman who reported the accident spoke with defendant, and she told him she was okay. Defendant drove away, and there is no indication that anyone suspected her

of being intoxicated or under the influence of any substance at that time. The only property that was damaged belonged to defendant. Defendant did not appear to be injured. No one else was involved in the accident.

{¶23} The responding officers followed a trail of car fluid to defendant's residence. They observed a damaged vehicle in the driveway. Police were justified in their belief that defendant was involved in the traffic violation, a minor offense. However, they did not articulate factual circumstances that would justify their failure to obtain a warrant prior to entering the home under exigent circumstances.

{¶24} Both officers heard defendant shouting to them that she was okay. Both officers could see defendant inside the house. She did not request any aid and continued to tell them that she was fine. Police did not see any blood, did not witness defendant stumbling or otherwise struggling. One officer testified that he could not be sure whether she had suffered some type of head trauma, but the facts in the record do not support this alleged concern.[1] Although defendant was not really cooperative, by all accounts she

---

[1] *Compare State v. Williams*, 8th Dist. No. 88873, 2007-Ohio-4845, ¶ 26 ("The warrantless entry into the home was justified because the officers were lawfully responding to defendant's call for help when they observed [her ex-husband] lying on the floor unresponsive. The officers could reasonably believe that it was an emergency and that [he was] in peril and in immediate need of aid."); and *State v. Minear*, 191 Ohio App.3d 774, 2010-Ohio-6577, 947 N.E.2d 751, ¶ 29-30 (11th Dist.) (police investigating car accident went to suspect's resident where they saw him non-responsive and laying face down in the living room, which caused them to contact EMS and established exigent circumstances for warrantless entry into the

was coherent. In fact, the officers never called EMS and almost immediately placed defendant under arrest after entering her house.

{¶25} Because the City has not established any exception that would justify the warrantless entry into defendant's residence, the municipal court erred by denying defendant's motion to suppress. The assignment of error is sustained.

{¶26} Judgment reversed and remanded for further proceedings.

It is, therefore, considered that said appellant recover of said appellee its costs herein.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, JUDGE

MELODY J. STEWART, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR

home.