[Cite as *State v. Rowley*, 2022-Ohio-997.]

.

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellant, | : | CASE NO. CA2021-08-027 |
| | : | O P I N I O N |
| - vs - | | 3/28/2022 |
| | : | |
| RONALD LEE ROWLEY, | : | |
| Appellee. | : | |


CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CRI20-500-139


Andrew T. McCoy, Clinton County Prosecuting Attorney, and Melvin Planas, Assistant Prosecuting Attorney, for appellant.

Amanda Waechter, Assistant Public Defender, for appellee.



**PIPER, P.J.**

{¶ 1}   Appellant, the state of Ohio, appeals a decision of the Clinton County Court of Common Pleas granting the motion to suppress of appellee, Ronald Rowley.

{¶ 2}   On November 19, 2020, Sergeant Brian Noah and Officer Kristen Jeffers were dispatched to 126 South Broadway to investigate a report of domestic violence involving a man and a woman.  The location is a two-story building that contains two apartments on the second floor separated by a short landing.

**{¶ 3}** When the officers arrived, they entered a narrow corridor and climbed the stairs. When they reached the landing, the officers observed a large hole in the dry wall roughly the size of a human torso. The officers also observed that Rowley's door was severely damaged. According to Sergeant Noah, the door was so damaged that it could not be latched or fully closed and therefore sat slightly ajar. The officers knocked on the door several times. Rowley came to the door but did not open it wider. He instead applied pressure to the door to close it as much as possible. Sergeant Noah testified that he then placed his hand on the door and applied sufficient pressure on the door to keep it from closing further to communicate with Rowley.

**{¶ 4}** Sergeant Noah identified himself as a police officer and stated the reason for his presence. Rowley told Sergeant Noah to "hold on" and claimed to be getting dressed; however, Sergeant Noah stated that Rowley was clearly not getting dressed because there was no other movement behind the door. At some point, Rowley released pressure on the door and the door slightly opened more. Sergeant Noah then observed fresh blood droplets on the floor. Sergeant Noah testified that Rowley had a bloody nose and had blood on his face. He then noticed that the apartment was "disheveled" with strewn furniture and overturned plants. After observing this situation, Sergeant Noah entered the apartment to locate the female involved in the disturbance and to determine her status. Before locating the female, however, Sergeant Noah observed items in plain view that were indicative of drug use, i.e., pills, torn baggies, and hypodermic syringes. The officers then located the female but determined that she did not appear to have any significant injuries.

**{¶ 5}** Rowley was placed under arrest and a search incident to arrest revealed that he was in possession of additional narcotics and approximately $500 in cash. Rowley was then removed from the premises and taken to jail. Sergeant Noah contacted his chief and applied for a search warrant for the apartment. In an affidavit in support of the search

warrant, Officer Jeffers stated that Sergeant Noah "pushed the door open." The search warrant was approved, and a subsequent inventory was filed indicating the discovery of more drugs, cash, and drug paraphernalia.

{¶ 6} On February 10, 2021, Rowley was indicted for aggravated trafficking in drugs, aggravated possession of drugs, and possession of drug instruments. Rowley pled not guilty and later filed a motion to suppress alleging that the officers had engaged in an unconstitutional search and seizure. Claiming the initial entry was unlawful, Rowley argued that all evidence should be suppressed, including the evidence obtained following the issuance of the search warrant. The trial court held hearings on the motion to suppress on May 17, 2021, and July 26, 2021.

{¶ 7} During the hearings, Sergeant Noah was questioned specifically about Officer Jeffers' affidavit in support of a search warrant. Sergeant Noah denied pushing the door open and explained that Rowley himself either opened the door, or the damaged door released on its own when Rowley ceased applying pressure to it. When the door opened, Sergeant Noah testified that he observed blood on the floor, blood on Rowley, and a chaotic scene that necessitated his entry into Rowley's apartment to search for a victim and determine that individual's condition. Despite the testimony, in its post-hearing brief, the state agreed that Sergeant Noah "pushed the door open."

{¶ 8} On August 2, 2021, the trial court initially denied Rowley's motion to suppress finding that Rowley had not established standing to raise a Fourth Amendment challenge. The next day Rowley filed a motion requesting the trial court reconsider its ruling on the motion to suppress. The trial court conducted a hearing on the motion to reconsider where the state stipulated that Rowley was the tenant. On August 11, 2021, the trial court granted the motion to reconsider after finding that the entry into Rowley's apartment was not justified by exigent circumstances. The state appeals the decision of the trial court, raising one

assignment of error:

{¶ 9} THE TRIAL COURT ERRED BY NOT FINDING THAT EXIGENT CIRCUMSTANCES EXISTED TO JUSTIFY A LEGAL WARRANTLESS ENTRY INTO THE DEFENDANT'S APARTMENT.

{¶ 10} The state argues that the trial court erred in granting the motion to suppress. In so doing, the state maintains that the entry into Rowley's apartment was justified based on exigent circumstances.

**Standard of Review**

{¶ 11} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Shaibi*, 12th Dist. Warren No. CA2020-07-038, 2021-Ohio-1352, ¶ 24. The trial court, as the trier of fact, is in the best position to weigh the evidence to resolve factual questions and evaluate witness credibility. *State v. Brandenburg*, 12th Dist. Clermont No. CA2020-09-055, 2021-Ohio-2875, ¶ 12. Therefore, when reviewing the denial of a motion to suppress, a reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Fletcher*, 12th Dist. Brown No. CA2016-08-016, 2017-Ohio-1006, ¶ 30. "An appellate court, however, independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts satisfy the appropriate legal standard." *Brandenburg* at ¶ 12.

**Fourth Amendment and Exigent Circumstances Doctrine**

{¶ 12} The Fourth Amendment to the United States Constitution guarantees an individual's right to be free from unreasonable searches and seizures. *State v. Pettiford*, 12th Dist. Fayette No. CA2017-05-010, 2018-Ohio-1015, ¶ 10. A warrantless search is per se unreasonable unless it falls within a recognized exception to the warrant requirement. *State v. Thomas*, 10th Dist. Franklin No. 14AP-185, 2015-Ohio-1778, ¶ 13.

{¶ 13} An exception to the warrant requirement is when officers encounter exigent circumstances. *State v. Wilson*, 12th Dist. Clinton No. CA2006-03-008, 2007-Ohio-353, ¶ 20. "The Fourth Amendment does not bar police officers from making warrantless entries into a home when the officers reasonably believe a person within the home is in immediate need of aid or there is a need to protect or preserve life or to avoid serious injury." *Id.* at ¶ 21.

{¶ 14} "The exigent circumstances doctrine requires probable cause plus exigent circumstances to effectuate a warrantless entry of [a] home." *Fletcher*, 2017-Ohio-1006 at ¶ 34; *Wilson* at ¶ 23. Probable cause is not black and white, rather it is a practical, non-technical concept that turns on the assessment of probabilities in particular factual circumstances. *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, ¶ 73. In determining whether probable cause exists, a court must consider the "totality of the circumstances." *State v. Norman*, 12th Dist. Warren No. CA2014-02-033, 2014-Ohio-5084, ¶ 48. Probable cause is viewed with an objective standard. *Fletcher* at ¶ 34.

{¶ 15} A warrantless entry must be strictly circumscribed by the exigencies which justify its initiation as well as the reasonableness of the belief that it was necessary to investigate an emergency to protect life or prevent serious injury. *State v. Applegate*, 68 Ohio St.3d 348, 349-350 (1994); *State v. Dunn*, 131 Ohio St.3d 325, 2012-Ohio-1008, ¶ 21-22 (acknowledging exceptions to the Fourth Amendment in order to render aid). In evaluating the circumstances, we are reminded:

> "[t]he business of policemen and firemen is *to act*, not to speculate or meditate on whether the report is correct. People could well die in emergencies if police tried to act with the calm deliberation of the judicial process."

*Id.*, quoting *Wayne v. United States*, 318 F.2d 205, 212 (D.C. Cir. 1963).

### Trial Court

{¶ 16} The trial court granted Rowley's motion to suppress after concluding that there were no exigent circumstances to permit entry into the apartment. The trial court agreed that this case did involve an investigation concerning a crime of violence, but determined that there were no other facts to justify the intrusion. Rather than focusing on the factors present the trial court instead focused on additional factors that were not present at the time:

> This case does involve an investigation for a crime of violence as an exigent circumstance but nothing else. Defendant acknowledged the presence of Sgt Noah at the door and responded he was getting dressed. There is no indication defendant was armed. There is nothing suggesting defendant was the suspect in the alleged domestic violence incident presented. There is nothing suggesting defendant was planning to exit the apartment. There is nothing explaining why the officer did not just wait for the defendant to get dressed prior to his unilateral decision to enter the apartment.

The trial court did not factor into its analysis the serious nature of the call the officers were dispatched upon, the torso-sized hole in the drywall outside Rowley's apartment, the nature and extent of damage to the door, or Rowley's misleading representations that he was getting dressed. These facts corroborate the emergency nature of the call to which Sergeant Noah and Officer Jeffers were dispatched. Additionally, when Rowley released his pressure in attempting to hold the broken door closed, Sergeant Noah observed blood droplets and glimpsed the apartment's significantly disrupted interior.

**Appeal**

{¶ 17} On appeal, the state argues that it sufficiently proved there were exigent circumstances to justify a warrantless entry into Rowley's apartment citing a comparable incident in which officers were permitted to enter a residence where there was a reasonable belief that it was necessary to investigate an emergency threatening life or serious injury. *State v. Applegate*, 68 Ohio St.3d 348 (1994). In that case, the supreme court upheld a

warrantless entry into a residence by police officers who, while responding to a report of domestic violence, heard sounds coming from inside a residence indicative of violence. *Id.* at 349-350.

{¶ 18} Rowley attempts to distinguish his case from *Applegate* in which there the officers heard sounds indicative of violence; sounds not present in the instant matter. However, equally significant were Sergeant Noah's observations also indicative of violence. The duty to protect persons and preserve the peace is not just a moral obligation but one grounded in the law. *See* R.C. 109.71(A)(1). Also relevant, Chief Justice Warren Burger has noted "'[t]he policeman on the beat, or in the patrol car, makes more decisions and exercises broader discretion affecting the daily lives of people, every day and to a greater extent, in many respects, than a judge will ordinarily exercise in a week.'" *Dunn*, 2012-Ohio-1008 at ¶ 25, quoting Dimino, *Police Paternalism: Community Caretaking, Assistance Searches, and Fourth Amendment Reasonableness*, 66 Wash. & Lee L.Rev. 1485, 1527 (2009).

**Conclusion**

{¶ 19} Following review, we agree with the state that exigent circumstances were present in the case herein. As noted, the officers were responding to an active emergency call of domestic violence. When they arrived, they observed conditions consistent with a physical altercation. There was a large torso-sized hole in the hallway along with obvious damage to Rowley's door which essentially rendered the door non-functional. When the officers knocked on the door and announced their presence, they were met with resistance as Rowley attempted to close his broken door as much as possible. Sergeant Noah testified that when the door opened, he observed fresh blood droplets on the floor and noticed the apartment was in significant disarray with overturned furniture and plants. As stated by Sergeant Noah,

[SERGEANT NOAH]: * * * [T]he door came open. I can't say positively that he completely pulled it open. I'm assuming that he did. But at that point, directly in front of me, I could see the blood on the floor that was directly in front of the door. I could see the blood droplets on the door or the floor. He had the blood on his face. The apartment was in disarray. That plant right there was directly across from the door. It was overturned.

THE COURT: Okay. You could see that from the landing?

[SERGEANT NOAH]: Yes, sir.

THE COURT: Before you entered?

[SERGEANT NOAH]: Yes, sir.

THE COURT: And you saw some other hole outside - -

[SERGEANT NOAH]: Yes, sir.

THE COURT: - - from the landing before you entered?

[SERGEANT NOAH]: Yes, sir.

Based on these circumstances, Sergeant Noah entered the apartment to make sure that the alleged victim was present and to determine her condition. However, before locating her, Sergeant Noah observed pills, torn baggies consistent with drug use, as well as a hypodermic syringe.

{¶ 20} Based upon these facts, we conclude that the officers' warrantless entry was not only permissible, it was necessary. The officers had probable cause to believe that domestic violence recently occurred before they entered the apartment to investigate if anyone needed medical assistance. Accordingly, we find exigent circumstances justified the warrantless entry into Rowley's apartment. The state's sole assignment of error is sustained.

{¶ 21} Judgment reversed and remanded.

S. POWELL and M. POWELL, JJ., concur.

- 8 -